THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL CASTRONOVA, Also Known as SALVATORE CASTRONOVA, Appellant.— Judgment unanimously affirmed. Memorandum: Unquestionably there were answers elicited from the prosecution's principal witness in this case, which put before the jury evidence that the defendant was guilty of selling heroin, a crime uncharged in the indictment which merely charged him with possession. If that were the purpose for its admission, it would constitute reversible error (*People* v. *Chance*, 37 A D 2d 572). The glassine envelopes containing the heroin were in a Burger Park paper bag on a bureau in a motel room. The defendant was not present in the room when the heroin was seized. It was his contention that he had no knowledge of the drugs and challenged the People to prove the contrary. He claimed that the drugs were in the possession of the prosecution's principal witness, a confessed drug addict, and that merely sharing a motel room with her did not make him chargeable with possession. The question of who was in physical possession or was exercising dominion over these drugs was the crucial issue. The acts involved were equivocal so that the intent to "knowingly and unlawfully possess * * * a narcotic drug" (Penal Law, § 220.15) could not be easily inferred from them alone (*People* v. *Schwartzman*, 24 N Y 2d 241, 248; *People* v. *Chamberlain*, 38 A D 2d 306, 309). Evidence of uncharged crimes has warranted its admission as an exception to the general rule precluding it only when it tends to establish (1) motive, (2) intent, (3) absence of mistake, (4) common scheme or (5) identity of the person charged (*People* v. *Molineux*, 168 N. Y. 264, 293). Under the factual circumstances present the testimony elicited came naturally into the case and was relevant on the issues of the defendant's motive and intent in possessing the heroin and was also probative on the lack of mistake on his part. Viewing the testimony with respect to uncharged crimes in the context of the entire trial, it is apparent that references to them were minimal. In those few instances where references occurred, objections to further questions along the same line were sustained or the trial court cured the effect of their introduction by instructions to the jury. We conclude, therefore, that the defendant's right to a fair trial was not prejudiced and a reversal of the judgment of conviction is not warranted. (Appeal from judgment of Monroe County Court convicting defendant of criminal possession of a dangerous drug, fourth degree.) Present — Marsh, P. J., Moule, Cardamone, Mahoney and Del Vecchio, JJ.