■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN MELENDEZ, Appellant.—Judgment, Supreme Court, New York County, rendered July 18, 1977, convicting defendant after a jury trial of two counts of criminal sale of a controlled substance in the second degree (Penal Law, § 220.41) and sentencing him to concurrent indeterminate prison sentences of from six years to life, unanimously modified, on the law, and as a matter of discretion in the interest of justice, to reduce the conviction pursuant to CPL 470.15 (subd 2, par [a]) to criminal possession of a controlled substance in the fifth degree (Penal Law, § 220.09) and remitting the case to the Supreme Court for resentencing and otherwise affirmed. The trial court erred in its charge on the agency defense when it communicated to the jury

that a finding that the defendant received a benefit, or expected to receive a benefit in connection with the transaction, would not simply be a factor to consider on the question but would require rejection of the defense. (See *People v Lam Lek Chong,* 45 NY2d 64; *People v Rodriguez,* 56 AD2d 545; *People v Valentine,* 55 AD2d 585.) This regrettable lapse in what was otherwise an admirable charge lends point to the comment in the concurring opinion in *People v Roche* (45 NY2d 78, 87) that efforts to define this defense in meticulous detail give rise to "error-prone charges by the most conscientious and able of Trial Justices." It was also error to permit a police officer to explain the absence of the informant by reporting the latter's comment that he had been "beaten up twice before for testifying on the previous case." The defendant has already been tried twice on these charges. As the District Attorney suggests, no appropriate purpose would be served by remanding the case for a third trial. In advancing the agency defense, the defendant acknowledged possession of a narcotic drug in a quantity sufficient to establish his guilt of criminal possession of a controlled substance in the fifth degree. (Penal Law, § 220.09.) The conviction is modified accordingly and the case remitted to the Supreme Court for resentencing. (See CPL 470.15, subd 2, par [a]; 470.20, subd 4.) Concur—Silverman, J. P., Evans, Fein, Lane and Sandler, JJ.