■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBUR P. RILEY, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered October 27, 1975, convicting him of two counts of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. At trial the defendant took the stand and for the first time raised the affirmative defense of entrapment. The record indicates that, if believed, the defendant's testimony established the requisite elements of entrapment. On cross-examination, the prosecution inquired as to why the defendant had not previously told his story to the police. This type of inquiry into a defendant's postarrest silence is a serious violation of the defendant's due process rights and constitutes reversible error (see *Doyle v Ohio,* 426 US 610). Martuscello, J. P., Latham, Damiani and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUGUSTIN RODRIGUEZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 26, 1977, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed and case remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (subd 5). On this appeal the only question raised by the defendant concerns the validity of the statutory presumption set forth in subdivision 3 of section 265.15 of the Penal Law. Its constitutionality has recently been reaffirmed by the Court of Appeals *(People v Dowling,* 44 NY2d 999, 1000; *People v Lemmons,* 40 NY2d 505). While we recognize that the decision in *Allen v County Ct., Ulster County* (568 F2d 998) is to the contrary, this court is bound by decisions of the New York Court of Appeals (cf. *People v Payton,* 45 NY2d 300, 313). Suozzi, J. P., Gulotta, Shapiro and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY RUSSILLO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered August 29, 1977, convicting him of two counts each of grand larceny in the second degree and issuing a bad check, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Among the other errors in this case, the refusal of the Trial Judge to charge that the complaining witness was an interested witness was a substantial error, particularly since the result depended solely on his testimony. Hopkins, J. P., Titone, Shapiro and O'Connor, JJ., concur.