■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH PETERS, Also Known as PETA, Appellant.—Appeal by defendant from a judgment of the County Court, Orange County, rendered April 10, 1978, convicting him of criminal sale of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree, and two counts of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Defendant, Joseph Peters, also known as "Peta", was charged with two counts of the sale of cocaine and two counts of possession with intent to sell the cocaine. The crimes allegedly took place on January 27, 1977 at the

hairdressing shop owned by the defendant and involved the sale of one-half gram of cocaine for $50 to undercover Officer Larry Chambers at about 3:30 P.M. and three grams for $225 at about 7:00 P.M. Each sale was witnessed by the informant, Thomas Aubel, whose testimony corroborated that of Chambers. Defendant admitted the transfers. His defense was that the transfers were not sales. He claimed he received no money and only turned over to Chambers the drugs that had been left in his place of business by one Red Handel, after he was told by Aubel (when Chambers was not present) that Chambers was a policeman. A defense witness corroborated defendant's version of the early evening transfer as one that involved no money. Handel, who had been out of the State until the day before trial, testified in rebuttal that he had not left any cocaine at the defendant's shop. Whatever was there belonged to the defendant. In barest outline, this constituted the case. Each side called several more witnesses. Although we cannot say that the verdict is against the weight of the evidence, as defendant urges, it is our view that defendant was denied a fair trial because of several errors. One of the errors is so contrary to our fundamental precept of justice that, irrespective of the quantum of guilt, defendant is entitled to a new trial (see *People v Crimmins,* 36 NY2d 230, 238). In his direct examination, defendant testified to overhearing a conversation on an extension telephone of a call placed by a friend of his (who also testified) to a police officer. That conversation led the defendant to believe that he was being framed or "set up". (The alleged conversation occurred a few days after defendant's arrest, when he was free on bail.) On cross-examination the prosecutor elicited from the defendant that he felt he had been framed and then asked why defendant had not reported the conversation to the police. No objection was made. Peters' response was that he had not been advised to do so by his attorney. A line of questions ensued about whether or not Peters knew— from television and fiction—that if the police engage in illegal practices, such as planting evidence, it should be reported. This implied, of course, that the response about relying on one's attorney was absurd and that no basis really existed to believe in a frame-up. In addition, the prosecutor asked what defendant's reasons were for believing he had been framed. All of these questions and answers related to the initial, absolutely improper question of why the defendant chose to remain silent rather than speak to the authorities about his case following his arrest (see, e.g., *Doyle v Ohio,* 425 US 610; *People v Riley,* 65 AD2d 608). The questioning was so violative of defendant's due process rights that he is entitled to a new trial. The interest of justice so requires, despite the lack of objection by defense counsel. Inasmuch as a second trial is necessary, we mention another error that should be avoided. A charge on the defense of agency that elevates profit or gain to the single most important factor to be considered in an evaluation of the defense is incorrect *(People v Melendez,* 64 AD2d 535). That factor is only one among several criteria that is to be considered (see *People v Gonzales,* 66 AD2d 828). Although the trial court correctly referred to several factors in its instruction on the agency defense, it then erroneously indicated that profit or gain alone negated the defense. Defendant also contends that the omission by the court stenographer in the initial transcript of Robert (Red) Handel's testimony of the words "having first been duly sworn by the Clerk of the Court," was improperly corrected (by the submission of an amended page) to reflect that Handel had been sworn. We find no reason to disbelieve that the amended page, which was promptly corrected, represents the truth of what occurred, to wit, that Handel was sworn by the clerk of the court. We note that had the error not been

promptly cured, it would alone have been grounds for reversal (cf. *People v Greenfield*, 70 AD2d 662), inasmuch as the witness Handel had to testify under oath (see CPL 60.20, subd 2). We reject defendant's contention that error was committed when Officer Chambers was permitted to testify on redirect examination (as a rebuttal witness) to a statement made by the defendant at the time of his arrest of which the People.had not given defendant notice pursuant to CPL 710.30 (subd 1). Objection was overruled on the ground that defense counsel had opened the door to the conversation by a question he asked Chambers on cross-examination, to wit, whether Chambers recalled a conversation with defendant on April 6, 1977 when Peters said "that the drugs involved in this case were Red Handel's drugs?" (Chambers said he recalled something to that effect.) Chambers was permitted to testify then, on redirect, that defendant also said at the time of that conversation that Aubel (the confidential informant) had said that Chambers was his (Aubel's) cousin, "that's why I sold to him." Since it was defense counsel who asked the witness on cross-examination about the conversation of April 6, 1977, the defendant cannot be heard to complain that the prosecutor then explored the conversation on redirect (cf. *People v Wise*, 46 NY2d 321). This is not the situation disapproved in *People v Rhaming* (26 NY2d 411), where the prosecutor's cross-examination of the defendant purportedly opened the door to the admission into evidence of an otherwise inadmissible statement by the defendant. Suozzi, J. P., O'Connor, Martuscello and Mangano, JJ., concur.