■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH A. MAYES, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered October 20, 1980 upon a verdict convicting defendant of the crime of robbery in the second degree. Defendant's principal assignment of error on this appeal is the denial of his motion to suppress, which in turn hinges on the validity of his arrest. The victim of this street mugging promptly reported when and where it took place and that she had been attacked and her purse stolen by two black males, one wearing a tan jacket, the other dressed in a three-quarter length black coat. Albany police headquarters immediately broadcast a report over police radio giving the location of the crime and a description of the perpetrators, but omitting any mention that one of the two males was wearing a dark coat. There was testimony by Officer Sagendorf, who made the arrest, that he heard the report over the police radio, drove to the scene and walked a short distance therefrom when he saw something blowing in the wind around a corner of a building. Upon approaching the building, he observed a black male (defendant) wearing a black coat looking around the corner of the building. He further testified that when defendant saw him approach, he fled and Sagendorf pursued. At that point, a second fleeing black male came into the officer's view, whose physical appearance and clothing closely matched the police radio description of one of the assailants. The officer drew his service revolver, identified himself as a policeman and

ordered both men to stop; however, only defendant did so. Officer Sagendorf, having knowledge that criminal activity committed by two black males had just taken place in the immediate vicinity, had the right to attempt an investigative stop when he observed defendant looking furtively around the building and then running away to avoid a confrontation (*People v Brnja,* 50 NY2d 366, 372; *People v Spivey,* 46 NY2d 1014, 1016; *People v De Bour,* 40 NY2d 210, 220). Defendant's continued flight, now with a second black male whose appearance dovetailed with the radio description of one of the perpetrators, together with the previously alluded to factors, cumulatively furnished probable cause for the arrest (*Chambers v Maroney,* 399 US 42; *Sibron [Peters] v New York,* 392 US 40; *United States v Vasquez,* 534 F2d 1142, cert den 429 US 962, 979). As stated by the Supreme Court in *Sibron (Peters) v New York* (392 US 40, 66-67, *supra*): "deliberately furtive actions and flight at the approach of strangers or law officers are strong indicia of *mens rea,* and when coupled with specific knowledge on the part of the officer relating the suspect to the evidence of crime, they are proper factors to be considered in the decision to make an arrest." Although Officer Sagendorf's testimony at the initial suppression hearing varied from the foregoing in that he stated that the police report contained a description of the clothing of both suspects, rather than only that of the one wearing the tan jacket, his subsequent testimony and explanation for the discrepancy were not so incredible as to prevent the suppression court from accepting his subsequent version of the events leading to the arrest. The evidence, consisting of the victim's description of defendant's flight from the scene, his subsequent flight from the police, his knowledge of the whereabouts of the victim's empty purse which was later abandoned, and his possession when arrested of various personal items of the victim, amply afforded the jury a basis to infer his participation in the robbery, despite his exculpatory statement that he was merely an onlooker. Taken as a whole, the court's initial charge to the jury and its further charge when the jury returned for further instructions were accurate and not misleading in explaining the elements of the crime charged and defendant's responsibility therefor based upon his accessorial conduct (*People v Woods,* 41 NY2d 279, 283; *People v Tanner,* 30 NY2d 102, 107-108). In view of defendant's prior record of violent crime, the sentence imposed was well within the court's discretion (*People v Du Bray,* 76 AD2d 976). Accordingly, defendant's conviction should be in all respects affirmed. Judgment affirmed. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.