■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRAD WILLIAM SBRACCIA, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered November 6, 1981, upon a verdict convicting defendant of the crimes of criminal possession of marihuana in the second degree, criminal possession of a controlled substance in the seventh degree, criminal possession of a weapon in the third degree, and two counts of criminally using drug paraphernalia in the second degree. On December 14, 1980, Colonie Police Investigator Gerace, armed with warrants for the arrest of Michael De Cerbo and David Keefe, was conducting a surveillance in the vicinity of Keefe's apartment in the Town of Colonie. That apartment had been the situs of a drug raid the previous day, during which Keefe's roommate, David Flynn, had been arrested. The warrants were issued on the basis of information from Flynn that De Cerbo, Keefe, and a person only known as "Mister Bill" had gone to New York City that weekend to purchase drugs and were bringing them back in a yellow Plymouth automobile having Vermont license plates. At about 4:00 P.M., the yellow Plymouth appeared at the scene with four occupants, one of whom Gerace recognized as being Keefe. All four got out of the vehicle and went into the Keefe/Flynn apartment and then returned to the car minutes later. When Gerace and fellow police officers approached the vehicle and placed Keefe under arrest, one of the remaining occupants (the defendant) fled from the scene and was apprehended about 15 minutes later. Defendant identified himself as "Bill Hamilton", but could not produce any documentation of his identity. Based upon the foregoing, plus statements from the other occupants, a warrant was issued for a search of the Plymouth, which revealed, *inter alia,* a large quantity of marihuana, pills, capsules containing cocaine, and a loaded pistol. Defendant now appeals from his conviction after trial on all counts of an indictment arising out of the foregoing events. We find no errors, either at the suppression hearing or the trial, requiring reversal. There was ample proof to establish probable cause for defendant's arrest. Defendant's arrival in the yellow Plymouth with Vermont license plates, accompanied by two known sellers of drugs, their entry into the apartment which had been the subject of a successful drug raid the preceding day, defendant's flight and giving false identification information when apprehended, were more than sufficient to establish probable cause (*Chambers v Maroney,* 399 US 42; *Sibron v New York,* 392 US 40; *People v Mayes,* 90 AD2d 879). There was also ample probable cause to sustain the search of the vehicle. In addition to the previously discussed evidence, the police also had information from the other occupants that contraband was secreted in the vehicle. This being so, the search of the car was valid, even if no search warrant had been issued (*United States v Ross,* 456 US 798). We note also that the evidence does not support defendant's contention that the search of the vehicle occurred before the search warrant was issued. This contention is based upon testimony of Investigator Gerace that he called Massachusetts authorities to make an inquiry concerning defendant's identity after the search, that the search warrant was issued at about 8:30 P.M. that evening, and that telephone company records establish that a call was made from the police station to Massachusetts at 7:22 P.M. Defendant overlooks the fact that two calls were made to Massachusetts that evening, the first of which, at 7:22 P.M., was made by another officer and based upon an earlier conversation with defendant which was independent of the subsequent search. It was not error for the

County Court to have received evidence of uncharged crimes at the trial. Defendant's defense to the charges, as shown by his counsel's opening statement, was that the drugs were placed in the vehicle by Keefe and De Cerbo, without any awareness on his (defendant's) part. Evidence of recent drug transactions in which defendant participated under almost identical circumstances was clearly designed to meet defendant's trial strategy, and was thus probative to establish his knowledge of the existence of the drugs on the day of arrest, and responsibility therefor. Under *People v Molineux* (168 NY 264, 293), evidence of uncharged crimes is competent to prove, *inter alia,* a defendant's intent. However, the delineation in *Molineux* of categories of instances where uncharged crimes are admissible is not exclusive (*People v Vails,* 43 NY2d 364, 368). Thus, evidence of uncharged crimes has been held to be admissible to prove commission of possessory crimes, similar to those in the instant case, where the mental element of the crime is guilty knowledge rather than intent (*People v Lowrance,* 65 AD2d 531; *People v Castronova,* 44 AD2d 765; *People v Latham,* 35 AD2d 759). It was likewise proper for the court to admit into evidence an admission made by defendant at the police station following his arrest, despite its not having been the subject of a pretrial notice by the prosecution under CPL 710.30. Since the admission was not offered by the prosecution, but was elicited during defendant's cross-examination of a prosecution witness, CPL 710.30 does not apply (*People v Peters,* 71 AD2d 641, 643; *People v Ortiz,* 69 AD2d 825). We have reviewed defendant's remaining assignments of error and find them equally without merit. Therefore, his conviction should be in all respects affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.