■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HORNEY, Appellant. — Appeal from a judgment of the County Court of Broome County

(Coutant, J.), rendered December 4, 1981, upon a verdict convicting defendant of three counts of the crime of grand larceny in the second degree. ¶ By decision dated February 16, 1984 (99 AD2d 886), this court withheld determination of the above-entitled appeal and remitted the matter to the trial court for a determination of whether the prosecution had complied with the requirements of CPL 30.30 (subd 1) by communicating his readiness for trial within six months of November 16, 1979, the date of the first indictment (see *People v Hamilton*, 46 NY2d 932; *People v Smith*, 97 AD2d 485). Pursuant to our remittal, a hearing was held on that issue by the trial court and its decision has been resubmitted. ¶ The trial court found that on December 17, 1979, the People, by notice of trial, announced that the case would be moved to the January 2, 1980 Trial Calendar and that a memorandum of the same date was sent to the County Judge of Broome County specifically declaring such readiness. The trial court further found that in regard to this matter, the District Attorney followed his customary or usual practice of announcing his readiness for trial "on the record" by notice sent to County Court on December 17, 1979. ¶ We agree with the findings of the trial court and hold that the statutory right of defendant to a speedy trial under CPL 30.30 (subd 1, par [a]) was not violated. ¶ As to defendant's right to a speedy trial pursuant to CPL 30.20, it was further found that defendant was indicted in May, 1980 on a separate charge. However, in August, 1980, he left the country for Switzerland and then traveled to the Bahamas, where he was arrested and from where he had to be returned here for trial in February, 1981. Before his forcible return, the prosecution had announced its readiness for trial on November 5, 1980. From defendant's return in February, 1981 until the commencement of his trial on the first indictment on November 9, 1981, defendant's then counsel applied to be relieved and permission therefor was granted on March 10, 1981; defendant appeared with the Public Defender on April 17, 1981 and he subsequently retained a private attorney for defense of both indictments on June 17, 1981. These delays, caused by defendant's changes of counsel, are his fault alone and do not deprive him of his right to a speedy trial on the first indictment, which trial actively commenced on November 9, 1981. Having caused or acquiesced in these delays, defendant cannot now be heard to complain of his deprivation of a speedy trial under CPL 30.20 or 30.30. The trial court, therefore, ruled correctly in our opinion that "all of the delays have been occasioned by [defendant's] reluctance and resistance" to trial, and properly exercised its discretion in denying defendant's motion for dismissal on such grounds (see *People v Abbatiello*, 30 AD2d 11). ¶ Defendant owned Upstate Employee Programs, Inc., a corporation which specialized in establishing pension plans for various corporations. To establish such plans, he arranged the purchase of life insurance policies on his clients' employees and signed general agent and career broker's contracts with American General Life Insurance Companies of both New York and Delaware. Those agreements required defendant to remit immediately, and in full, the premiums for any policies he procured to the company, which would then pay him his commission. In the latter part of 1977, defendant submitted an application on behalf of Roger B. Kennedy, Inc., to American General of New York. This company received the first premium payment on the issued policy, but none thereafter. When contacted by American General directly, Kennedy revealed its payments of premiums to defendant. Similar, although not identical, situations occurred in regard to other policies that defendant had obtained. The November 16, 1979 indictment charged defendant with three counts of grand larceny in the second degree, each relating to the embezzlement of funds due the American General Companies. ¶ Defendant argues that he committed no crime and that none has been proven against him. It is his contention that he

made an oral agreement with the representatives of American General of New York that permitted him to deduct his commissions before forwarding the net balance of the premiums to that company. He further claims that as soon as he solved the "cash flow" problem that he was having, he intended to forward payments to the appropriate insurance company. Defendant urges that the trial court improperly prevented him from testifying that American General of New York had retained commissions due and owing him from other clients' accounts that exceeded the amount of the shortage that was the subject of these criminal charges. ¶ If the prosecution proved all the essential elements of the crime of grand larceny in the second degree under section 155.35 of the Penal Law, the retention of other moneys by American General of New York, even if true, would be irrelevant and a "collateral issue", as properly concluded by the trial court. A bailee, agent or trustee who possesses funds collected from customers and converts such funds to his own use completes a larceny (*People v Felber*, 264 App Div 181, 184). There can be no doubt that the insurance premiums collected or received by defendant herein were the property of the insurers and that the insurers were entitled to an immediate remission thereof pursuant to the terms of the agreements between the insurers and defendant. This being so, defendant must be considered a bailee, agent or trustee of such funds and not a mere debtor of the insurers, and the crime of larceny by embezzlement was completed by defendant's conversion of such funds (see *People v Yannett*, 49 NY2d 296, 303; *People v Lyon*, 82 AD2d 516). Therefore, his claim that the insurers wrongfully retained certain other commissions due him from other sources was irrelevant, as properly found by the trial court. ¶ We further find that in these circumstances, defendant's indeterminate sentence of one to five years on each count to run concurrently was not an abuse of the trial court's discretion (*People v Mayes*, 90 AD2d 879, 880). ¶ Defendant's other contentions have been considered and found meritless. ¶ Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.