■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW R. NEISS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered June 3, 1985, convicting him of grand larceny in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, who stands convicted of grand larceny in the second degree, admittedly received certain items of jewelry from the complainant on consignment. Although the defendant agreed to sell this jewelry on the complainant's behalf, and agreed to remit the proceeds of the sale to the complainant, he, nevertheless, wrongfully retained the moneys generated by the sales and converted these funds to his personal use. During the course of his testimony, the defendant candidly stated that he had no permission or authority to utilize these proceeds and the evidence further indicates that the defendant lacked sufficient funds to repay the complainant at the time he appropriated the property and at all times thereafter.

Contrary to the assertions of the defendant, we find that the People sufficiently established a larcenous intent on his part. It is well settled that a bailee, agent or trustee who possesses funds collected from customers and converts such funds to his own use commits a larceny *(see, People v Horney,* 103 AD2d 891; *People v Felber,* 264 App Div 181; *People v Hazard,* 28 App Div 304, *affd* 158 NY 727; *People v Kaminsky,* 127 Misc 2d 497). The defendant at bar was entrusted with the possession of property pursuant to an agreement to sell and to remit the proceeds to the true owner. The defendant, however, by his own admissions, exercised dominion and control over the property in a manner wholly inconsistent with the continued rights of the owner *(see, People v Olivo,* 52 NY2d 309, 318). Moreover, the defendant, who was beset by financial problems, disposed of the property in such a manner or under such circumstances as to render it unlikely that the complainant would ever recover the property or the proceeds thereof *(see,* Penal Law § 155.00 [3]). Accordingly, the People satisfied their burden of proving beyond a reasonable doubt that the defendant, with the requisite larcenous intent, wrongfully withheld property from the complainant, and the judgment appealed

from must, therefore, be affirmed. Lawrence, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.