■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CHEEKS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered October 13, 1987, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's primary argument on appeal is that the People improperly introduced evidence of a prior uncharged crime *(see, People v Molineux,* 168 NY 264). However, we find that because the defendant placed the element of intent in issue by denying that he knew that he was passing narcotics to the undercover officer and by further denying that he had ever participated in a drug transaction, the admission of rebuttal evidence pertaining to an alleged earlier sale of cocaine by the defendant to another undercover officer was probative of his knowledge of the nature of the substance he passed to the undercover officer on this occasion *(see, People v Sbraccia,* 92 AD2d 628, 629). Therefore, the evidence of the prior uncharged crime was properly admitted pursuant to the *Molineux* rule *(see, People v Alvino,* 71 NY2d 233).

Contrary to the defendant's contentions, we find that the court's jury instructions with respect to the crimes charged "adequately conveyed to the jury the appropriate standards" to be applied in determining the defendant's guilt *(People v Graziano,* 151 AD2d 775, 776).

We further note that the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.