■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BONNEAU, Appellant. [941 NYS2d 765]—

Mercure, A.P.J. Appeal from a judgment of the County Court of Greene County (Pulver Jr., J.), rendered July 20, 2010, upon a verdict convicting defendant of the crime of grand larceny in the third degree.

The victim contracted with defendant, an auctioneer, to sell various pieces of her grandfather's artwork. Defendant was required to remit the net proceeds—over $27,000—to the victim no more than 15 days after the sale. He failed to do so and, as a result, was charged in an indictment with grand larceny in the

third degree. Following a jury trial, defendant was convicted as charged, sentenced to a prison term of 2⅓ to 7 years, and ordered to pay restitution. He appeals and we now affirm.

Defendant argues that the weight of the evidence adduced at trial does not support the jury's finding that he possessed the requisite "intent to deprive [the victim] of property or to appropriate the same to himself or to a third person" (Penal Law § 155.05 [1]; *see* § 155.35 [1]). It is undisputed, however, that the sale proceeds belonged to the victim, but defendant nevertheless converted them to his own use (*see People v Neiss*, 128 AD2d 901, 901 [1987], *lv denied* 70 NY2d 802 [1987]). Specifically, defendant deposited the funds into his general business account and, despite the victim's repeated demands for payment, he paid business expenses and debts with the funds. Defendant thus "exercised dominion and control over the [victim's] property in a manner wholly inconsistent with" her rights (*id.*) and, as such, the jury's determination that he intended to deprive her of the auction proceeds is not against the weight of the evidence (*see People v Robinson*, 284 NY 75, 80-81 [1940]; *People v Horney*, 103 AD2d 891, 893 [1984]).

Defendant next contends that County Court erred in permitting the People to cross-examine him regarding his prior convictions of disorderly conduct, criminal trespass in the second degree and issuing a bad check, as well as a probation violation. While these crimes and prior bad acts were not committed recently, that fact alone did not require their preclusion (*see People v Walker*, 83 NY2d 455, 459 [1994]; *People v Jones*, 70 AD3d 1253, 1254 [2010]). Rather, in light of defendant's claim that he was an honest businessman who had no intention of permanently depriving the victim of her property, these prior acts, raising issues of "individual dishonesty[ ] or untrustworthiness," had "a very material relevance, *whenever committed*" (*People v Sandoval*, 34 NY2d 371, 377 [1974] [emphasis added]; *accord People v Lemke*, 58 AD3d 1078, 1078-1079 [2009]). Inasmuch as the probative value of this evidence outweighed the potential for prejudice, we perceive no abuse of discretion in County Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d at 378; *People v Jones*, 70 AD3d at 1254-1255).

Defendant's remaining claim has been examined and found to be without merit.

Lahtinen, Spain, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.