■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID McRAE, Appellant.— Judgment rendered April 19, 1968, unanimously reversed on the law and the case is remitted to the court below for further proceedings and for resentencing. The defendant, after his guilty plea, was arraigned on a prior information. He admitted the identity, but stated that he thought he

had entered a plea to a misdemeanor and not a plea of guilty to a felony. We accept this as a challenge to the prior conviction on the ground it had been unconstitutionally obtained. The sentencing court, however, adjudged the defendant a second felony offender and imposed a second felony sentence, without a hearing. In our opinion, this procedure was contra to section 1943 of the former Penal Law (which was the controlling statute when the crimes were committed), according to which the sentencing court is mandated to hear and determine the constitutionality of the prior conviction, if it is challenged, before it imposes sentence on the current conviction. (See *People* v. *Webster,* 32 A D 2d 557; *People* v. *Jones,* 17 N Y 2d 404, 408–409; *People* v. *Cornish,* 21 A D 2d 280 [1st Dept.].) If the prior conviction is found defective, it may not form the predicate of a multiple offender sentence, and in this case, the defendant could then be resentenced as a first felony offender. Concur — Stevens, P. J., Eager, McGivern, Markewich and Nunez, JJ.