◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANIBAL MALDONADO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 17, 1977, upon resentence, convicting him of bribery in the second degree, upon a jury verdict and sentencing him as a second felony offender. Judgment affirmed as to the conviction; judgment reversed as to the sentence, on the law, and case remanded to the Criminal Term for resentencing before a Justice other than the one who imposed the original sentence. Defendant was indicted for grand larceny, criminal possession of stolen property and bribery. He was tried only on the bribery charge following an order suppressing the allegedly stolen property. We find no merit in defendant's claim that the trial court erred in failing to suppress his statements to the police, in connection with his offer of a bribe, to the effect that a businessman sometimes has to buy stolen property in order to make a living. Neither do we find any merit to defendant's contention that the mention of the existence of motors lacking vehicle identification numbers in the garage in which he was arrested, which motors were later suppressed, constituted reversible error. Our examination of the record finds nothing therein which in any way shows that the defendant committed the crime of possession of stolen property. The improper conduct of the police in examining those motors and later seizing them as stolen property was dissipated and completely attenuated by the intervening unlawful act of the defendant in offering the police officer a bribe (see *People v Moore*, 60 AD2d 477; *People v Abruzzi*, 52 AD2d 499, affd 42 NY2d 813, cert den 434 US 921). Nor do we find that the trial court's *Sandoval* ruling, permitting cross-examination of defendant as to his prior convictions for automobile theft and possession of stolen property, an abuse of discretion or reversible error (see *People v Sandoval*, 34 NY2d 371, 376; *People v Duffy*, 36 NY2d 258, 262, cert den 423 US 861). The trial court permitted the prosecutor to cross-examine a defense witness as to whether he had complained about his detention by the police for three hours in the defendant's garage while the police were carrying on their investigations therein, to either the Police Department's Civilian Complaint Bureau, the District Attorney or any other law enforcement agency. Such cross-examination was improper under the holding of *People v Hamlin* (58 AD2d 631) but, in our view, the error was harmless in light of the overwhelming proof of guilt of the defendant; the testimony of two police officers plus the cash, $200, given by the defendant to the arresting officer as part of the total bribe offered him. However, the trial court's conduct at the sentencing hearing, threatening the defendant with dire consequences if he exercised his right to challenge the second felony offender statement, compounded the prosecutor's error of relying, in that statement, solely on the defendant's New Jersey conviction. This requires setting aside the sentence and remanding the case for resentencing. Rabin, J. P., Gulotta, Margett and Martuscello, JJ., concur.