■ The People of the State of New York, Respondent, v Walter Hubbard, Appellant.—Appeals by defendant from two judgments of the Supreme Court, Queens County, both rendered May 24, 1977, convicting him of burglary in the third degree and grand larceny in the third degree, upon a jury verdict, and of bail jumping in the first degree, upon his plea of guilty, and imposing concurrent sentences as a second felony offender.

Judgments modified, on the law, by vacating the sentences. As so modified, judgments affirmed and case remitted to Criminal Term for a hearing pursuant to CPL 400.21 and for resentencing. At the sentencing proceeding following his conviction by a jury of burglary in the third degree and grand larceny in the third degree, the defendant pleaded guilty to bail jumping in the first degree. After entering his guilty plea, he was arraigned on a prior offense information arising out of a 1969 conviction in Kings County for robbery in the third degree. He admitted entering the plea, but stated that he thought he had pleaded to a misdemeanor and not a felony. The sentencing court, however, ruled that he could only attack the prior conviction by bringing a *coram nobis* application before the same court which had sentenced him on the prior conviction. The court then proceeded to adjudge the defendant a second felony offender and imposed sentences accordingly, reserving to the defendant the right to come back for resentence should he be successful in attacking the 1969 Kings County conviction. In our opinion, this procedure was in violation of CPL 400.21. Under the provisions of that statute, the sentencing court is mandated to hear and determine the constitutionality of the prior conviction, if it is challenged, before it imposes sentence on the current conviction (see *People v Webster,* 32 AD2d 557; *People v McRae,* 32 AD2d 772). We have considered the other points raised by the defendant and found them to be without merit. O'Connor, J. P., Lazer, Gulotta and Mangano, JJ., concur.