■ In the Matter of ESSEX TRANSPORTATION CORP., Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant. — Appeal from a judgment of the Supreme Court, Kings County (Scholnick, J.), entered June 27, 1980, dismissed, without costs or disbursements. The contract in question has been performed. Gulotta, J. P., Cohalan, O'Connor and Thompson, JJ., concur.

■ In the Matter of ARMIN A. HAGEN et al., Petitioners, v STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. — Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated August 5, 1980, which affirmed a determination of the State Division of Human Rights, dated March 28, 1979 and made after a hearing, dismissing petitioners' complaints. Order confirmed and proceeding dismissed, with costs to the Sperry respondents payable by petitioners to be taxed by the County Clerk of Nassau County, under CPLR 8203, 8301. On the record considered as a whole, there exists sufficient evidence to support the determination of the State Division of Human Rights that the Sperry respondents had not engaged in any unlawful discriminatory practice based on age. Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM EUGENE BENNETT, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered June 13, 1979, convicting him of robbery in the first degree and criminal possession of stolen property in the third degree, upon a jury verdict, and sentencing him as a "predicate felon". Case remitted to Criminal Term to hear and report on defendant's claim that his predicate felony conviction had been obtained in violation of his constitutional rights (see CPL 400.21, subd 7, par [b]), and appeal held in abeyance in the interim. Criminal Term is to file its report with all convenient speed. At sentence defendant claimed that his prior plea should have been to a misdemeanor rather than a felony, and he raised constitutional issues with regard thereto. There should have been further inquiry before his adjudication as a predicate felon. An immediate hearing will remedy this situation (see *People v Valvano,* 73 AD2d 653). Gibbons, J. P., Gulotta, Cohalan and Bracken, JJ., concur.