THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ANIBAL MALDONADO, Appellant.

Second Department, September 8, 1981

APPEARANCES OF COUNSEL

*William E. Hellerstein (Judith Preble* of counsel), for appellant.

*Eugene Gold, District Attorney (Allan P. Root* and *Beth S. Lasky* of counsel), for respondent.

OPINION OF THE COURT

BRACKEN, J.

On the instant appeal, the defendant challenges his resentencing as a second felony offender, claiming double jeopardy principles barred reconsideration of his second felony offender status since there was the substitution of a different predicate felony after the remand by this court for resentencing (on April 23, 1979), and since the substituted predicate felony conviction was unconstitutionally obtained. The resentence of defendant as a second felony

offender on August 15, 1979, *nunc pro tunc* to November 17, 1977, was based upon a predicate felony conviction rendered in Kings County. The prior sentence of November 17, 1977 was based upon a felony conviction rendered in the State of New Jersey.

The memorandum decision of this court *(People v Maldonado,* 69 AD2d 891), included the following statement: "Judgment affirmed as to the conviction; judgment reversed as to the sentence, on the law, and case remanded to the Criminal Term for resentencing before a Justice other than the one who imposed the original sentence * * * [T]he trial court's conduct at the sentencing hearing, threatening the defendant with dire consequences if he exercised his right to challenge the second felony offender statement, compounded the prosecutor's error of relying, in that statement, solely on the defendant's New Jersey conviction. This requires setting aside the sentence and remanding the case for resentencing."

The defendant thereafter submitted to Criminal Term a motion dated May 24, 1979, based upon the double jeopardy clauses of the Federal and State Constitutions, for an order precluding the use by the People of defendant's conviction under Kings County Indictment No. 1520/72 as a predicate felony conviction. On June 27, 1979 the court (STARKEY, J.), denied defendant's motion, and on June 29, 1979 the People served a second felony offender statement alleging defendant's conviction on March 9, 1973 in Kings County of the offense of criminal possession of stolen property in the second degree, a class E felony. A hearing was held on August 8, 1979 after defendant controverted the predicate felony conviction rendered March 9, 1973 upon the ground that such conviction was unconstitutionally obtained. The court (BOOTH, J.), issued the following oral decision prior to resentencing the defendant to a two- to four-year term of imprisonment, *nunc pro tunc* to November 17, 1977: "Motion to set aside the Second Felony Offender determination is denied in accordance to *[sic]* section 400.21 of the CPL. A hearing was held. The defendant *[sic]* only contention is that he was denied due process on the underlining *[sic]* trial and additionally he had insufficient counsel. This Court finds the defendant has

been subjected to a Predicate Felony conviction. His constitutional rights have not been abrogated. Nor did he have insufficient counsel. The People have met their burden. That is the decision of the Court."

The resentence should be affirmed.

We note at the outset that the procedures of CPL 400.21, established to insure that defendants sentenced under section 70.06 of the Penal Law are, in fact, second felony offenders, were not intended to allow known second felony offenders to be sentenced as first offenders, if the prosecution failed to comply with the provisions *(People v Brown,* 54 AD2d 719).

The defendant, however, contends that the People, by filing a new predicate felony offender statement charging him with another and different crime than that originally charged in the initial predicate felony offender statement, have subjected him to multiple predicate felony offense proceedings. CPL 400.21 requires that the People designate all predicate felonies, while the finding mandated by CPL 400.21 (subd 7, par [c]) is limited to "a predicate felony conviction".

"The general design of the Double Jeopardy Clause of the Fifth Amendment is that described in *Green* v. *United States* [355 US 184, 187-188]:

" 'The constitutional prohibition against "double jeopardy" was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense . . . The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.' " *(United States v DiFrancesco,* 449 US 117, 127-128.)

The Supreme Court, in *North Carolina v Pearce* (395 US 711, 717), summarized the protection afforded by the double jeopardy clause as follows: "That guarantee [against

double jeopardy] has been said to consist of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense."

In determining the issue in this appeal, the following principles set forth in *United States v DiFrancesco* (449 US 117, 131, *supra)*, are instructive: "Finally, if the first trial has ended in a conviction, the double jeopardy guarantee 'imposes no limitations whatever upon the power to *retry* a defendant who has succeeded in getting his first conviction set aside' (emphasis in original). *North Carolina* v. *Pearce*, 395 U.S., at 720. 'It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction.' *United States* v. *Tateo*, 377 U.S., at 466. '[T]o require a criminal defendant to stand trial again after he has successfully invoked a statutory right of appeal to upset his first conviction is not an act of governmental oppression of the sort against which the Double Jeopardy Clause was intended to protect.' *United States* v. *Scott*, 437 U.S., at 91. There is, however, one exception to this rule: the Double Jeopardy Clause prohibits retrial after a conviction has been reversed because of insufficiency of the evidence. *Burks* v. *United States* [437 US 1], *supra; Greene* v. *Massey*, 437 U.S., at 24."

■ We determine, therefore, that under the circumstances of this case the principles of double jeopardy are not applicable. In making this determination we note that the defendant was resentenced on August 15, 1979 *nunc pro tunc* to the same sentence originally imposed November 17, 1977, and therefore, such resentencing in no way increased the punishment originally imposed. In addition, there is no issue of multiple proceedings, since the appeal by the defendant resulted in reversal and remand.

The reliance by the defendant upon *Bullington v Missouri* (451 US __, 49 USLW 4481) is misplaced, since that case differs significantly from those cases which hold that the double jeopardy clause is inapplicable to sentenc-

ing. It should be noted that *Bullington* was a capital offense case involving the applicability of principles peculiar to capital offense cases alone and the hearing as conducted was in and of itself a trial directed to the question of punishment. In making its determination the court applied the implicit acquittal principle to the sentence as a logical extension of *Burks v United States* (437 US 1) and *Green v United States* (355 US 184), wherein the reversal of convictions was based upon the ground that the evidence was insufficient to convict. In this instance the imposition of the sentence in no way implied acquittal, where initially the sentencing court committed reversible error requiring a remand for resentence.

■ Insofar as the constitutionality of the predicate felony conviction is concerned, at the second felony offender hearing held on August 8, 1979 the defendant was permitted to introduce evidence that there was insufficient proof to support the judgment of conviction rendered March 9, 1973. Such question may be raised only by timely appeal and is not a proper attack upon the constitutionality of the predicate felony *(People v Brown,* 13 NY2d 201; *People v Shapiro,* 3 NY2d 203; *People v Bennett,* 37 AD2d 631; see, also, *Bocock v United States,* 226 F2d 720, cert den 350 US 999, wherein the court held: "[w]hether the questions raised be as to the sufficiency of the evidence or involve alleged error of fact or law, they may be raised only by timely appeal").

Accordingly, the alleged insufficiency of proof to support the March 9, 1973 judgment of conviction should not have been considered by Criminal Term and is not an appealable issue before this court. If such issue were before this court, however, we would determine that the evidence as introduced at the said hearing was sufficient as a matter of law to justify the underlying conviction.

With respect to the issue of effective assistance of counsel at the time of the prior felony conviction, the evidence adduced at the second felony hearing on August 8, 1979 supports the court's finding that the counsel, retained by the defendant in the defense of the indictment which resulted in the judgment of conviction rendered March 9, 1973, acted as a diligent and conscientious advocate and

the defendant had the benefit of reasonably competent and effective representation (see *People v De Mauro,* 48 NY2d 892; *People v Jackson,* 74 AD2d 585, affd 52 NY2d 1027).

We have examined the defendant's remaining contentions and find them to be without merit.

HOPKINS, J. P., RABIN and MARGETT, JJ., concur.

Appeal by defendant, as limited by his brief, from a resentence of the Supreme Court, Kings County, imposed August 15, 1979, upon his adjudication as a second felony offender.

Resentence affirmed.