■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DRUMMOND, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Richmond County (Owens, J.), rendered August 18, 1980, convicting him of manslaughter in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and sentencing him as persistent felony offender. Judgment modified, on the law, by vacating the sentence. As so modified, judgment affirmed, and case remitted to Criminal Term for a hearing pursuant to CPL 400.20 and for resentencing. We find defendant's contention that he was arrested on less than probable cause to be without merit. The conviction is therefore affirmed. However, defendant was improperly sentenced as a persistent felony offender. He contested the constitutionality of one of the two predicate convictions, claiming that he thought he had entered a plea to a misdemeanor in 1974 and the court, after subsequently

reviewing the probation report, sentenced him in 1974 as a felon without offering him the opportunity to withdraw the plea. Defendant was entitled to a hearing so that evidence relating to the 1974 conviction might be produced and it was error for the sentencing court to deny an adjournment for that purpose. (Cf. *People v Hubbard,* 71 AD2d 924; *People v McRae,* 32 AD2d 772.) The plea minutes of the aforesaid conviction must be reviewed to determine whether the conviction was indeed constitutional. Furthermore, there was no proof that defendant had been imprisoned. (See Penal Law, § 70.10, subd 1, par [b], cl [ii].) The principle of double jeopardy does not bar the resentencing of defendant as either a persistent or second felony offender. (See *People v Maldonado,* 82 AD2d 576.) Damiani, J. P., Lazer, Brown and Niehoff, JJ., concur.