■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD W. MONTANYE, Appellant. — Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered November 16, 1982, which resentenced defendant following his conviction of the crime of attempted burglary in the second degree. While on parole following his 1979 conviction of the crime of burglary in the third degree, defendant was arrested and arraigned in July, 1981 on a felony complaint charging him with burglary in the third degree. Shortly thereafter, defendant's attorney sent a letter to the District Attorney stating that defendant was "willing to waive the preliminary hearing, waive the Grand Jury indictment and enter a plea of guilty to the charge of burglary in the third degree, together with any other related charges." The record reflects no response to this letter. In August, 1981, a violation of parole report was filed on the basis of the same acts alleged in the felony complaint. The Grand Jury indicted defendant in September, 1981, charging him with burglary in the second degree and petit larceny. In December, 1981, defendant's parole was revoked and in May, 1982, he pleaded guilty to the crimes of attempted burglary in the second degree and petit larceny in satisfaction of the indictment. Defendant was sentenced as a violent predicate felon to two and one-half to five years' imprisonment on the attempted burglary conviction and one year on the petit larceny conviction. These sentences were to run concurrently with each other and with the remaining sentence on the 1979 burglary conviction. Thereafter, it was discovered that the underlying felony conviction in 1979 was not for a violent felony and that the concurrent sentences for the two felonies were, thus, not authorized by the Penal Law (Penal Law, § 70.25, subd 2-a). Accordingly, on November 16, 1982, defendant was resentenced as a second felony offender on the

attempted burglary conviction to a term of two to four years' imprisonment, to run consecutively with the time remaining on the 1979 burglary conviction. This appeal ensued. Defendant raises a number of double jeopardy arguments, none of which has any merit. First, he contends that he pleaded guilty to burglary in the third degree as charged in the felony complaint by virtue of defense counsel's July, 1981 letter to the District Attorney and that, therefore, any subsequent proceedings on the same incident are barred. Pursuant to CPL 220.10 (subd 2), defendant, as a matter of right, could plead guilty "to the entire indictment". Although the provisions of CPL 220.10 are expressly made applicable to informations prosecuted in local criminal courts (CPL 340.20, subd 1), there is no authority for entering a plea to a felony complaint (see CPL art 180). Moreover, defense counsel's letter was not sufficient to constitute either an effective waiver of Grand Jury proceedings (CPL 195.10, 195.20) or an effective plea of guilty (CPL 220.50). In any event, even if defendant's purported plea of guilty to the crime charged in the felony complaint were authorized and in the proper form, we would still reject defendant's double jeopardy claim. "The purpose of CPL 220.10 (subd 2) is to afford an indicted defendant an opportunity, as a matter of right, to plead guilty to all charges in an indictment so that he might avoid the expense and ordeal of a trial. The statute was never intended to allow a defendant who has not yet been indicted to interrupt the accusatory process before it has been completed, to take advantage of a fortuitous circumstance which resulted from an inadequate initial assessment, on the part of law enforcement officials, of the extent of defendant's wrongdoing" (*People v Barkin,* 49 NY2d 901, 903-904). Defendant's claim that the revocation of his parole barred further proceedings on the indictment is meritless (see *Matter of Escobar v Roberts,* 36 AD2d 707, affd 29 NY2d 594, cert den 404 US 1047), as is his claim that double jeopardy applied to the resentencing (see *People v Maldonado,* 82 AD2d 576). Defendant's constitutional challenge to section 70.06 and subdivision 2-a of section 70.25 of the Penal Law is rejected (see *People v Parker,* 41 NY2d 21, 25, n 5). We have considered defendant's other arguments and find no merit in them. The judgment should be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.