■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND FEREBEE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Demakos, J.), rendered March 4, 1982, convicting him of robbery in the first degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence as a second felony offender. Judgment modified, on the law, by vacating the sentence imposed. As so modified, judgment affirmed, and the matter is remitted to Criminal Term for further proceedings consistent herewith. Before he was sentenced as a second felony offender, defendant claimed that his prior conviction, upon his plea of guilty, was unconstitutionally obtained because his guilty plea had been coerced in violation of his rights pursuant to *Boykin v Alabama* (395 US 238). Sentencing was adjourned for a hearing pursuant to CPL 400.21 (subd 7), and the prosecutor indicated that he would be producing at the hearing the plea minutes of the prior conviction. However, at the hearing, neither the plea nor the sentencing minutes were made available to the court. Therefore, defendant's sentence as a second felony offender must be vacated and the matter remitted for a new hearing and resentencing. At that hearing, the People shall supply the court with the plea and sentencing minutes of defendant's prior conviction (see *People v Bennett,* 83 AD2d 579; *People v Valvano,* 73 AD2d 653; *People v De Berry,* 73 AD2d 652). Mollen, P. J., Weinstein, Brown and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN JAMES, Also Known as JAMES GLENN, Also Known as KEVIN JAMES, Also Known as GLEN IVY, Appellant. — Appeal by defendant from two judgments of the Supreme Court, Kings County (Scholnick, J.), both rendered September 11, 1979, convicting him of two counts of robbery in the second degree, upon his pleas of guilty, and imposing sentences. Judgments affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues that could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606). Lazer, J. P., Mangano, Niehoff and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FALAH JOHNSON, Also Known as MICHAEL LAMBERTIS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Vetrano, J.), rendered October 17, 1980, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues that could be raised upon appeal. Counsel's application for leave to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606.) Titone, J. P., Gibbons, O'Connor and Rubin, JJ., concur.