■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES SILVERS, Appellant.—Motion by defendant-appellant, insofar as it seeks reargument granted, and upon reargument this court: adheres to its original decision affirming the judgment of the Supreme Court, New York County (Harold Rothwax, J.), rendered on June 10, 1987 and recalls and vacates the memorandum decision filed with the order of this court entered on April 17, 1990 [160 AD2d 475], and substitutes therefor a new memorandum decision, which follows. The motion, insofar as it seeks leave to appeal to the Court of Appeals, is denied.

Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered June 10, 1987, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree and sentencing him, as a predicate felon, to a prison term of from 3 to 6 years, is unanimously affirmed.

At issue is whether a plea can be said to be less than knowing and voluntary if the defendant does not understand that one of its consequences will be an enhanced sentence in the event he should be subsequently convicted of another crime *(see,* CPL 400.21 [7] [b]; *People v Harris,* 61 NY2d 9). Or, in other words, does a defendant enjoy a *Boykin* right to have the predicate felony statute explained to him before his plea is

accepted by the court? We hold that defendant enjoyed no such right, and, to the extent such a right has been recognized by the Second Department *(People v McCrae,* 32 AD2d 772; *People v Hubbard,* 71 AD2d 924, 925; *People v Bennett,* 83 AD2d 579; *People v Drummond,* 87 AD2d 828), we decline to follow. The predicate consequences of a felony conviction can be of no significance to a defendant unless he is bent on a life of crime. We cannot accept as a serious proposition that a defendant not so inclined would actually consider rejecting an offered plea upon the basis of advice that by accepting it he would be exposing himself to enhanced penalties "the next time around". Nor is defendant entitled to a hearing exploring into just what was said to him in the 1975 plea and sentencing proceedings that might have induced his plea. If, as he claims for the first time on appeal, he was under the misapprehension that the crime to which he pleaded, attempted rape, is a misdemeanor, it was a misapprehension of his own making. Nowhere in the record did he ever claim that he was actually told by the court, or anyone else, in the 1975 case that he was pleading to a misdemeanor and not a felony. His only claim was that he was not advised that by pleading guilty to attempted rape, he would be a predicate felon "the next time around". Concur—Sullivan, J. P., Ross, Ellerin, Wallach and Smith, JJ.