■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY CARELOCK, Appellant.—Judgment insofar as it convicts defendant on Count No. 1 of the indictment unanimously reversed, on the law and facts, and a new trial granted on that count, and otherwise judgment affirmed. Memorandum: Defendant appeals from a judgment of conviction entered upon a jury verdict which found him guilty of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree. We find no merit to defendant's contention that the failure of an identified informant to appear and testify at trial necessitates either retrial or dismissal. The record indicates that the prosecution was not responsible for informant's disappearance and defendant concedes that the prosecution attempted to locate the witness. Under such circumstances there was no denial of a right to confrontation. Furthermore, defendant has failed to establish that the informant's testimony would either be exculpatory or subject to impeachment to a meaningful degree (People v Jenkins, 41 NY2d 307, 311). Nor do we find reversible error in the prosecutor's remarks during his summation. With respect to the comment on possible retaliation against the informant, this issue was first raised by defense counsel during his direct examination of defendant. Thus the prosecutor's remarks were merely a comment on that evidence as well as a justifiable response to remarks made during defendant's summation as to the failure of informant to testify. With respect to the remaining comments concerning defendant's failure to call a witness and the finality of the jury's verdict, in view of the overwhelming evidence of defendant's guilt and the court's curative instructions, there was no significant probability that the jury would have acquitted defendant had it not been for these errors (People v McAuliffe, 36 NY2d 820; People v Crimmins, 36 NY2d 230). We do, however, find error in the court's charge on criminal sale in the third degree. The testimony adduced at trial presented a factual question as to whether defendant knew the substance which he allegedly sold and which was referred to at the time of sale as "mesk" was, in fact, LSD. In its charge the court instructed the jury that "[t]he fact that a defendant believed the substance to be mescaline when in fact it was lysergic acid diethylamide, is of no consequence to your deliberations." This was clearly error. The scienter requirement of section 220.39 of the Penal Law must be read to extend to knowledge of the content or nature of the substance sold (see Penal Law, § 15.15, subd 1; Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 15.15, p 34; see, also, People v Vargas, 86 Misc 2d 1018). Accordingly, the court should have charged the jury that to find defendant guilty of criminal sale in the third degree (Penal Law, § 220.39, subd 4), it had to find beyond a reasonable doubt that

defendant knew that the substance which he sold was LSD. Since there was, in our opinion, sufficient evidence adduced at trial upon which a jury could base a determination of guilty, we need not dismiss this count of the indictment for failure to establish a prima facie case. We do, however, grant a new trial on this count. Depending upon the evidence presented at that trial the court should consider a charge of criminal sale of a controlled substance in the sixth degree as a lesser included offense. (Appeal from judgment of Monroe County Court—criminal sale controlled substance, third degree.) Present—Moule, J. P., Cardamone Simons, and Dillon, JJ.