■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL D. MOORE, Appellant. — Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered April 10, 1979, upon a verdict convicting defendant of two counts of murder in the second degree and one count of robbery in the first degree. Defendant argues that reversible error occurred during his trial, conducted following conviction of his codefendant upon identical charges, in the trial court's failure to prohibit inquiry into two prior convictions for the crimes of robbery, and by the failure to grant a mistrial for alleged prosecutorial misconduct during summation. The judgment is affirmed. The trial court properly weighed the nature of the prior robbery convictions, and concluded that the inferences of propensity to commit the crimes of murder and robbery did not outweigh the need to expose defendant's lack of veracity in connection with his proof of proposed affirmative defenses *(People v Sandoval,* 34 NY2d 371; cf. *People v Davis,* 44 NY2d 269). Proof of willingness to steal has been specifically recognized as very material proof of lack of credibility *(People v Talamo,* 55 AD2d 506, 508, citing *People v Sandoval,* 34 NY2d 371, *supra;* see, also, *People v Maldonado,* 69 AD2d 891; *People v Lee,* 55 AD2d 658). Faced with proposed defenses to be established solely by defendant's own testimony, it was neither improvident nor an abuse of discretion for the trial court to permit impeachment in an attack of his credibility and veracity by refusing to prohibit cross-examination of defendant as to his prior convictions without inquiry into the underlying facts thereof. We further reject defendant's argument that the remarks by the District Attorney during summation, in which he alluded to defendant's failure to testify, were not properly cured by adequate instructions to the jury. The words in issue read as follows: "MR. WILCOX: There has been some big discussion about the credibility of the witnesses, and everybody — everybody, ladies and

gentlemen, in this case, that had the guts to take the oath and sit in that chair has been put on trial, everybody, except Michael Dennis Moore the defendant. MR. SHANLEY: Your Honor, I ask for a mistrial. The Court admonished the jury the defendant has no burden whatever — MR. WILCOX: I was not commenting on that, Your Honor, I was commenting on who was on trial. MR. SHANLEY: Improper." Following this colloquy, the trial court gave a lengthy curative instruction which completely negated the prosecutor's words and placed the entire matter in proper context. A fair inference from the record is that at the time the prosecutor's emphasis was on the credibility of the trial witnesses, not the failure of the defendant to take the stand. Although a reference to a defendant in such a manner is not to be condoned, the prosecutor was immediately interrupted and was effectively prevented from continuing with the statement. Thus, we do not view his brief comment as having a prejudicial effect. While a prosecutor may not comment directly or indirectly upon a defendant's failure to testify (People v Mirenda, 23 NY2d 439; People v Blackman, 31 AD2d 626), the expression here, considered in light of what followed, does not require reversal (People v Carelock, 58 AD2d 996; People v Rolchigo, 33 AD2d 1060). Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.