■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONSO WILLIS, Appellant. [725 NYS2d 415] —Spain, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered January 30, 1996, upon a verdict convicting defendant of the crimes of burglary in the third degree and grand larceny in the fourth degree.

Defendant was convicted following a jury trial of grand larceny in the fourth degree and burglary in the third degree in connection with the theft of a nurse's wallet from a staff locker room at Albany Medical Center Hospital in Albany County. He was sentenced as a second felony offender to concurrent prison terms of 2 to 4 years and $3^{1}/_{2}$ to 7 years, respectively. Defendant appeals, and we now affirm.

Following a *Sandoval* hearing, County Court permitted the prosecution to fully cross-examine defendant—if he chose to testify—on his prior convictions of robbery in the second degree and assault in the third degree. Defendant objected to the use of the robbery conviction and now argues that, because of the similarity of that prior act and the crime charged here, County Court committed reversible error in permitting questioning regarding the robbery. "Whether and to what extent * * * prior convictions may be used on cross-examination is a matter which rests in the sound discretion of the trial court after appropriately balancing the probative worth of evidence as it relates to the defendant's credibility against the risk of unfair

prejudice to the defendant, including whether it would discourage him from testifying" (*People v Long*, 269 AD2d 694, 695, *lv denied* 94 NY2d 950 [citations omitted]). Significantly, "[p]roof of willingness to steal has been specifically recognized as very material proof of lack of credibility" (*People v Moore*, 82 AD2d 972), and "crimes of individual dishonesty should usually be admitted on trial of another similar charge, notwithstanding the risk of possible prejudice, because the very issue on which the offer is made is that of the veracity of the defendant as a witness in the case" (*People v Sandoval*, 34 NY2d 371, 378; *see*, *People v Barger*, 202 AD2d 755, 756, *lv denied* 84 NY2d 932).

Here, County Court found that the facts underlying the prior robbery conviction were relevant to defendant's credibility and willingness to place his interest above that of society. We agree. The 1991 robbery conviction involved stealing a pocketbook by means of physical force and had direct relevance to defendant's credibility (*see*, *People v Conway*, 274 AD2d 663, 665; *People v Moore*, *supra*, at 972). Moreover, had defendant testified, he would have been the only defense witness presented; thus, his credibility and, in turn, his prior convictions were of particular import (*see*, *People v Kelly*, 270 AD2d 511, 513, *lv denied* 95 NY2d 854). Under these circumstances, we cannot say that County Court abused its discretion in rendering its *Sandoval* determination.

Next, defendant contends that his burglary conviction should be reversed as against the weight of the evidence because the prosecution failed to prove the intent element of that crime (*see*, Penal Law § 140.20). Defendant admitted in his written statement to entering the locker room after observing a "staff only" sign on the door. The victim testified that when she found her wallet missing, she noticed that the bathroom in the locker room was occupied and that the toilet was repeatedly being flushed for approximately 20 minutes, after which defendant emerged and, upon seeing the locker room occupied, returned to the bathroom for another 10 minutes. When he finally reemerged, defendant was confronted by the victim and two other hospital staff members before shoving them aside and leaving the hospital. Defendant explained his presence in the locker room in that he planned to eat ice cream there (which he had removed from a refrigerator on another floor without permission). In our view, the jury's inference based on this evidence that defendant had the intent to commit a crime—either to steal or to dispose of stolen property—at the time that he entered the locker room was entirely reasonable and supported by the weight of the evidence.

We also conclude that County Court did not abuse its discretion in refusing a continuance to permit defendant to decide whether to testify. As with a *Sandoval* ruling, the decision to grant or deny an adjournment ordinarily lies within the sound discretion of the trial court (*see, People v Spears*, 64 NY2d 698, 699-700). Although that discretionary power should be more narrowly construed where a defendant's fundamental rights are implicated (*see, id.*, at 700; *People v Danaher*, 115 AD2d 905, 906-907), defendant utterly fails to support his contention that he did not have sufficient time to decide whether to testify. Inasmuch as defendant was indicted over five months prior to trial and the *Sandoval* ruling was rendered four days before the trial was commenced, we discern no error in County Court's decision to insist that defendant decide whether to testify after a brief discussion with counsel, rather than after an overnight adjournment as requested.

Defendant's remaining contentions also lack merit. We reject defendant's challenge to in-court identifications as impermissibly tainted by a showup identification at the hospital because defendant admitted to his presence in the locker room and, in any event, we find nothing unduly suggestive about the manner in which the showup was conducted (*see, People v Lewis*, 277 AD2d 603, 605-606, *lv denied* 95 NY2d 966). Indeed, defendant was located by hospital security in close proximity to the hospital within 10 minutes of his departure, was returned to the hospital and promptly identified by three witnesses independently, each of whom had spoken to defendant at the crime scene. Likewise, defendant fails to support his argument that County Court erred in allowing his statement into evidence. The record amply supports County Court's conclusion that defendant knowingly and voluntarily waived his *Miranda* rights.

Mercure, J. P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.