THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN D. FREENEY, Appellant. [737 NYS2d 751] —Appeal from a judgment of Supreme Court, Erie County (Rossetti, J.), entered November 24, 1998, convicting defendant after a jury trial of, inter alia, robbery in the first degree (four counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentences imposed on counts 4, 5, 7, 8, 9, 10, 11, 12 and 16 and as modified the judgment is affirmed and the matter is remitted to Supreme Court for resentencing on those counts.

Memorandum: Defendant was indicted on 16 counts arising from three separate incidents. On appeal from a judgment convicting him following a jury trial of, inter alia, four counts of robbery in the first degree (Penal Law § 160.15 [1] [two counts], [3] [two counts]), defendant contends that Supreme Court erred in denying his motion to suppress identification evidence. We disagree. "The People satisfied their initial burden of establishing the lack of any undue suggestiveness in the lineup procedure, and defendant failed to satisfy his ultimate burden of proving that the lineup was unduly suggestive" (*People v Anthony P.,* 277 AD2d 1024, 1024, *lv denied* 96 NY2d 780; *see generally, People v Chipp,* 75 NY2d 327, 335, *cert denied* 498 US 833). Although defendant may have been slightly taller than the other stand-ins and was the only person wearing black leather shoes, those differences were not "sufficient to create a substantial likelihood that * * * defendant would be singled out for identification" (*People v Chipp, supra* at 336).

The court did not abuse its discretion by its *Sandoval* ruling that defendant could be cross-examined, to varying extents, with respect to four prior convictions. The record establishes that the court properly balanced the probative value of the prior convictions against their potential for prejudice (*see, People v Williams*, 56 NY2d 236, 238-239). Despite the similarity of two prior convictions for attempted robbery, " '[p]roof of willingness to steal has been specifically recognized as very material proof of lack of credibility' * * * and 'crimes of individual dishonesty should usually be admitted on trial of another similar charge, notwithstanding the risk of possible prejudice, because the very issue on which the offer is made is that of the veracity of the defendant as a witness in the case' " (*People v Willis*, 282 AD2d 882, 883, *lv denied* 96 NY2d 869). "[S]tealing a pocketbook by means of physical force * * * [has] direct relevance to defendant's credibility" (*People v Willis, supra* at 883).

Contrary to defendant's contention, when viewed in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620, 621), the evidence is legally sufficient to support the counts of robbery in the first degree under Penal Law § 160.15 (3) (*see generally, People v Bleakley*, 69 NY2d 490, 495). The victims were injured as a result of being dragged along the ground by a motor vehicle, and that motor vehicle therefore is a dangerous ·instrument within the meaning of Penal Law § 10.00 (13) (*see, People v Phillips*, 256 AD2d 733, 735; *People v Diaz*, 129 AD2d 968, 968-969, *lv denied* 70 NY2d 710). In addition, the evidence is legally sufficient to support the counts of unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40 ), both of which involve one motor vehicle. Although the registered owner of the motor vehicle at issue testified that she had entrusted it to a third party for sale, she also testified that she owned a motor vehicle of the make and model operated by defendant, and that she did not know defendant and did not give him permission to use it. We further conclude that the verdict is not against the weight of the evidence with respect to those counts (*see, People v Bleakley, supra* at 495).

As defendant concedes, he failed to preserve for our review his contentions that prosecutorial misconduct, confusing jury instructions and the fact that a juror allegedly fell asleep during trial deprived him of a fair trial (*see*, CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

Although the sentences are concurrent and both the sentencing minutes and the certificate of conviction provide that defendant was sentenced as a persistent violent felony offender to a term of incarceration of 25 years to life, a sentence that we conclude was proper (*see, People v Froats*, 163 AD2d 906, *lv denied* 76 NY2d 940; *see also, People v Sachs*, 280 AD2d 966, *lv denied* 96 NY2d 834; *People v Levine*, 257 AD2d 478, *lv denied* 93 NY2d 900), we nevertheless conclude that discrepancies between the sentencing minutes and the certificate of conviction, omissions in the sentencing minutes, and the illegality of certain sentences as recorded in the certificate of conviction require vacatur of the sentences on counts 4, 5, 7, 8, 9, 10, 11, 12 and 16 and remittal to Supreme Court for resentencing on those counts. Indeed, remittal is required even where, as here, neither defendant nor the People has addressed this issue (*see, People v Lerner*, 122 AD2d 813, 814, *lv denied* 68 NY2d 1001).

On counts 4 and 16, both charging violation of Vehicle and Traffic Law § 1212, the sentencing minutes show that defendant was properly sentenced to 30 days. The certificate of conviction, however, shows an illegal sentence of one year for each of those violations (*see,* Vehicle and Traffic Law § 1801). Both the sentencing minutes and the certificate of conviction are silent on count 5 with respect to defendant's status as a predicate felon. The sentencing minutes contain no sentence on count 7, which is improperly referred to as charging Penal Law § 160.15 (3) in the certificate of conviction. The sentencing minutes are silent with respect to defendant's status on count 8, and the certificate of conviction improperly refers to defendant's having been sentenced on that nonviolent felony as a second violent felony offender. The sentencing minutes reflect defendant's status but not the crime on count 9; the certificate of conviction improperly refers to the count as charging Penal Law § 160.15 (1) and does not reflect defendant's status. The sentencing minutes and the certificate of conviction omit defendant's status on count 10. Although the sentencing minutes show that the court sentenced defendant on count 11 as a second felony offender, the certificate of conviction sets forth that he was sentenced as a second violent felony offender on that nonviolent felony. The next sentence was apparently on count 12 but the sentencing minutes do not so specify.

We therefore modify the judgment by vacating the sentences imposed on counts 4, 5, 7, 8, 9, 10, 11, 12 and 16 and we remit the matter to Supreme Court for resentencing on those counts. Present—Pine, J.P., Wisner, Hurlbutt, Kehoe and Burns, JJ.