■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN D. LONG, Appellant. [763 NYS2d 365] —Spain, J. Appeal from a judgment of the County Court of Warren County (Austin, J.), rendered September 5, 2001, upon a verdict convicting defendant of the crimes of rape in the first degree and sexual abuse in the first degree.

Defendant and the victim were coworkers and social friends. On January 28, 2001, the victim watched the Super Bowl with defendant at his home, intending to spend the night and ride to work with defendant the following day. The victim had stayed the night at defendant's home previously and the two had consensual sexual intercourse on such occasions. However, according to the victim, on this occasion she did not feel well and, when defendant made sexual advances, she rejected them, whereupon he forcibly raped her. The victim then called a family member to come and get her and, after leaving defendant's home, she called the police and went to the emergency room.

At trial, defendant testified before the jury and did not deny having sexual relations with the victim on the night in question, but claimed that it was consensual. In accordance with a pretrial *Sandoval* compromise, the People were limited on cross-examination to asking defendant if he had been convicted of two felonies without exploring the nature of those crimes. However, after defendant testified on direct examination, "I've never been accused of sexual harassment or anything. * * * I would never hurt a woman[,] like that, never. I have respect for women I always have," the People moved to expand the *Sandoval* ruling to allow inquiry into the full underlying facts of defendant's two prior felony convictions for attempted sexual abuse and into additional uncharged complaints from eight other women alleging sexual abuse by defendant. County Court ruled, over defendant's objection, that defendant's comment opened the door to inquiries concerning the fact that defendant's prior convictions were for attempted sexual abuse in the first degree and to the facts contained in defendant's plea al-

locution to one of those crimes, but not to any inquiry regarding the uncharged crimes. Thereafter, defendant was convicted of rape in the first degree and sexual abuse in the first degree. He now appeals.

Defendant first contends that he was deprived of the effective assistance of counsel, primarily because of defense counsel's alleged failure to apprise him of the potential pitfalls of testifying on his own behalf. Specifically, defendant complains that by asking him an open ended question at the end of direct examination, defense counsel "led [him] down this road to slaughter." The damage to defendant's defense, however, came from his own misrepresentations while under oath, rather than any clear error by defense counsel. "[T]rial tactics which terminate unsuccessfully do not automatically indicate ineffectiveness" (*People v Baldi*, 54 NY2d 137, 146 [1981]). Clearly, when counsel asked defendant, "[I]s there anything else you want to tell the jury while you're on the stand?," counsel should not have had to anticipate that defendant would launch into a recital which completely misrepresented his criminal history.

Defendant also complains of defense counsel's failure to object to a weekend adjournment during jury deliberations and to County Court's voir dire of the jury following that adjournment concerning media coverage over the weekend. The court adjourned the trial at 4:00 P.M. on Friday, after the jurors requested a read back of defendant's testimony on direct examination. During the ensuing weekend, the media reported about the trial and commented on defendant's criminal history. On Monday, the court questioned the jurors and ascertained that none of them had read or heard the allegedly inflammatory news reports. Defense counsel then moved for a mistrial, without success. The jury ultimately withdrew its request for the read back of defendant's testimony and, following read backs of testimony of other witnesses, returned a guilty verdict later that morning. On these facts, we perceive no clear error in defense counsel's actions with respect to the adjournment and media coverage, much less an error which "so seriously compromises a defendant's right to a fair trial, [that] it will qualify as ineffective assistance" (*People v Hobot*, 84 NY2d 1021, 1022 [1995]).

Further, the trial transcript reveals that defense counsel delivered cogent opening and closing statements, made appropriate objections and motions and effectively cross-examined each witness. For example, defense counsel's cross-examination of the victim emphasized her prior sexual relationship with defendant, the fact that she was drinking on the night in ques-

tion despite previous difficulties with alcohol, and inconsistencies between her testimony at trial and her grand jury testimony. Viewed as a whole, "the defense reflects a reasonable and legitimate strategy under the circumstances and evidence presented" (*People v Benevento*, 91 NY2d 708, 712-713 [1998]). Accordingly, we hold that defendant was provided with "meaningful representation" (*People v Baldi, supra* at 147; *see People v Wright*, 297 AD2d 875, 875 [2002]; *People v Powers*, 262 AD2d 713, 716-717 [1999], *lv denied* 93 NY2d 1005 [1999]).

Contrary to defendant's assertions, legally sufficient record evidence exists to support his conviction. The victim's testimony that the sex was forcible was sufficient to establish the only contested elements of the crime charged—force and lack of consent (*see People v Sehn*, 295 AD2d 749, 751 [2002], *lv denied* 98 NY2d 732 [2002]; *see also* Penal Law §§ 130.35, 130.65; *People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Smith*, 302 AD2d 677, 678-679 [2003]). Her testimony, moreover, was corroborated by the testimony of the registered nurse who examined her at the emergency room and of her family members who witnessed her distress following the incident. Moreover, "[v]iewing the evidence in a neutral light, with appropriate deference accorded to the jury's opportunity to view the witnesses, hear their testimony and observe their demeanor," we conclude that the verdict is not against the weight of evidence presented at trial (*People v Cobenais*, 301 AD2d 958, 961 [2003]; *see People v Bleakley, supra* at 495; *People v Sullivan*, 300 AD2d 689, 691 [2002]).

Defendant's remaining contentions are either unpreserved for our review or have been considered and rejected.

Crew III, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.