■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBORAH L. HATCH-GREEN, Also Known as DEBORAH L. LUKENBILL, Appellant. [798 NYS2d 215]—

Mugglin, J. Appeal from a judgment of the County Court of Essex County (Halloran, J.), rendered July 1, 2003, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

The indictment charges that defendant and her son, Philip Hatch, "acting together and in concert, did knowingly and unlawfully sell a narcotic drug; to wit: cocaine." After a jury trial, defendant was convicted of criminal sale of a controlled substance in the third degree and sentenced to a prison term of 1⅓ to 4 years. Defendant appeals claiming that the conviction is not supported by legally sufficient evidence and is against the weight of the evidence. Defendant further contends that the conviction should be reversed due to the ineffective assistance of counsel and prosecutorial misconduct.

At trial, the testimony established that a confidential informant, having been introduced to Hatch, had a conversation with him in defendant's presence concerning the purchase of cocaine. Hatch indicated at that time that he had none, but that he was about to make a "run" to obtain a supply. Later that day, the confidential informant made two separate telephone calls to the Hatch residence and each time defendant informed him that Hatch had gone to get the "stuff," but had not yet returned. Several days later, the confidential informant went to the Hatch residence. After being admitted by Hatch, he observed Hatch and defendant at a table in the kitchen cooking and smoking cocaine. While Hatch continued to cook cocaine, he instructed defendant to retrieve "the box with the coke" from the other room, which defendant did. Hatch opened the box and gave the confidential informant two packets of cocaine in exchange for $200. Viewing this evidence in the light most favorable to the People for legal sufficiency (*see People v Cabey*, 85 NY2d 417, 421 [1995]; *People v Black*, 304 AD2d 905, 907 [2003], *lv denied* 100 NY2d 578 [2003]), and in a neutral light to determine if it is against the weight of the evidence (*see People v*

*Long*, 307 AD2d 647, 649 [2003]), leads us to conclude that the conviction is appropriate on this record.

Defendant's conviction is based upon accessorial liability and, therefore, the jury would have to find that defendant acted with the state of mind required for the commission of the sale of a controlled substance and that, as here relevant, she intentionally aided her son to engage in that conduct (*see* Penal Law § 20.00). Under these circumstances, her state of mind must have been that she knew that cocaine was going to be unlawfully sold, and this record leaves no doubt on that score. The closer question is whether defendant intentionally aided her son. Here, defendant's argument, based on Penal Law § 20.10, is that while her conduct may have aided her son to commit the offense, it was "of a kind that is necessarily incidental thereto" (Penal Law § 20.10). If defendant acted in "relative innocence and without a conscious design to advance the principal's crime" (*People v Kaplan*, 76 NY2d 140, 145 [1990]), her conviction would be improper. Given defendant's presence at the initial conversation between Hatch and the confidential informant, her telephone conversations with the confidential informant and her activity at the time of sale, we conclude that the jury could properly find that defendant intended to aid her son in the sale of cocaine and, therefore, the conviction is not against the weight of the evidence.

Defendant's ineffective assistance of counsel argument is based on her claim that her attorney failed to request that County Court instruct the jury with respect to Penal Law § 20.10. While not specifically included in the charge, County Court did charge the jury as follows: "[M]ere presence at the scene of a crime even with knowledge that the crime is taking place or mere association with a perpetrator of a crime does not by itself make a defendant criminally liable for that crime." We conclude that this part of the charge adequately conveyed the requirement to the jury that it must find, beyond a reasonable doubt, that the conduct of defendant was more than that necessarily incidental to the sale of drugs. Hence, we conclude that counsel's failure to object to this charge does not render her assistance ineffective.

Finally, defendant's failure to object to the summation of the prosecution renders complaints in this regard unpreserved for our review (*see* CPL 470.05 [2]; *People v Van Guilder*, 282 AD2d 773, 773 [2001], *lv denied* 96 NY2d 836 [2001]). In any event, although the prosecutor improperly vouched for the veracity of prosecution witnesses, these indiscretions do not rise to the level of egregiousness or impropriety which would warrant

reversal (*see People v Roberts*, 12 AD3d 835, 837-838 [2004], *lv denied* 4 NY3d 802 [2005]; *People v Cunningham*, 222 AD2d 727, 730-731 [1995], *lv denied* 87 NY2d 1018 [1996]).

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.