■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISSAC FORD, Appellant. [798 NYS2d 786]—

Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Halloran, J.), rendered November 8, 2002, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts).

Defendant was arrested as part of a buy-and-bust operation conducted in the City of Schenectady, Schenectady County, and was charged with various drug-related crimes in a five-count indictment. Two of the counts were dismissed by County Court at the close of proof and the jury convicted defendant of the remaining three counts, consisting of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree. He was sentenced to concurrent prison terms of 4 to 12 years on each count. Defendant appeals, asserting that the verdict is against the weight of the evidence.

When presented with a challenge to the weight of the evidence, we apply the well-settled standard of weighing the conflicting evidence and the strength of the inferences that may be drawn therefrom (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Wallace*, 8 AD3d 753, 755 [2004], *lv denied* 3 NY3d 682 [2004]). The evidence is viewed in a neutral light, affording deference to the credibility determinations of the jury (*see People v Bleakley, supra* at 495; *People v Beverly*, 5 AD3d 862, 865 [2004], *lv denied* 2 NY3d 796 [2004]). Here, there was evidence that two undercover officers—Darwin Bennett and Melissa Noll—posed as individuals interested in purchasing cocaine and made contact with Andrea Giles on a street in Schenectady. Giles indicated that she knew a person who was selling cocaine and rode with the officers to near where defendant was located. Defendant was observed by officers getting into a black Infinity and, although Noll remained approximately 10 feet from the car at Giles' direction, she observed Giles converse with defendant—who was the only occupant of the Infinity—and then return with a $20 piece of crack cocaine. At trial, Giles acknowledged that she had an arrangement with defendant to bring him drug customers in exchange for cocaine for her personal use. Shortly after the sale to Noll, uniformed police officers arrived at the scene and apprehended defendant. A confirmatory identification was conducted in which defendant was identified by Noll. Police found over 100 small bags of cocaine in the Infinity.

Giles' credibility was explored by defense counsel based on her criminal record and the fact that she had received a favor-

able deal from the District Attorney. Contrary to defendant's contention, Giles' testimony, together with the other evidence, was adequate for the jury to make the determination that Giles was not acting alone in the drug transaction with Noll. The weight of the evidence fully supports the jury's determination that defendant provided the cocaine for the sale and that he was in possession of a significant amount of cocaine. While defendant points out variances in the versions of germane events related by some of the witnesses at trial, these discrepancies were not significant. After review of the record and our independent weighing of the evidence therein, we are not persuaded that the verdict was against the weight of the evidence.

Mercure, J.P., Crew III, Peters and Kane, JJ., concur. Ordered that the judgment is affirmed.