THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH L. BAKER, Appellant. [801 NYS2d 684]—

Appeal from a judgment of the Supreme Court, Monroe County (Donald J. Mark, J.), rendered July 23, 2002. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference]) and assault in the first degree (§ 120.10 [1]). Defendant contends that the only reasonable view of the evidence is that he intentionally killed the victim, and he thus contends that the evidence is legally insufficient to support the conviction of depraved indifference murder. Defendant failed to preserve his contention for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, we conclude that defendant's contention lacks merit. The record establishes that defendant approached the two victims and shot the first victim in the chest, which eventually caused the death of that victim, and defendant then shot the second victim. The first victim ran after being shot, but defendant did not follow him. Instead, defendant approached the second victim, stood over him, and continued to shoot him from inches away, pulling the trigger of his weapon while aiming it at the second victim even after there was no remaining ammunition. We thus conclude that a rational jury could have had a reasonable doubt with respect to whether defendant's acts were "specifically

designed to cause the death of the [first] victim" (*People v Gonzalez*, 1 NY3d 464, 467 [2004]; *see People v Garbutt*, 9 AD3d 255 [2004], *lv denied* 3 NY3d 674 [2004]).

We further conclude that the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]) and that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]). Even assuming, arguendo, that Supreme Court erred in admitting *Molineux* evidence (*see People v Molineux*, 168 NY 264 [1901]), we conclude that any such error is harmless. The evidence of guilt is overwhelming, and there is no significant probability that the jury would have acquitted defendant but for the alleged error (*see People v Hewett*, 221 AD2d 369 [1995], *lv denied* 88 NY2d 966 [1996]; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Contrary to defendant's contention, the court's *Allen* charge, as a whole, was "neutral and balanced" (*People v Miller*, 292 AD2d 165, 165 [2002], *lv denied* 98 NY2d 678 [2002]) and was not coercive (*see People v Harrington*, 262 AD2d 220 [1999], *lv denied* 94 NY2d 823 [1999]; *People v Gonzalez*, 259 AD2d 631, 631-632 [1999], *lv denied* 93 NY2d 970 [1999]). Finally, we conclude that the sentence is not unduly harsh or severe.

All concur except Pine, J., who concurs in the result in the following memorandum: Pine, J. (concurring). I concur in the result reached by the majority with respect to defendant's challenge to the legal sufficiency of the evidence based on the failure of defendant to preserve for our review his contention that the evidence is legally insufficient to support the conviction of depraved indifference murder (Penal Law § 125.25 [2]; *see generally People v Gray*, 86 NY2d 10, 19 [1995]). I otherwise concur in the decision and reasoning of the majority with respect to defendant's remaining contentions. Present—Scudder, J.P., Kehoe, Smith, Pine and Hayes, JJ.