■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO VALDERAMA, Appellant. [806 NYS2d 789]—

Kane, J. Appeal from a judgment of the Supreme Court (Cannizzaro, J.), rendered March 7, 2001 in Albany County, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Detectives from the City of Albany police department provided cash to a confidential informant and kept her under surveillance as she purchased cocaine from defendant on a city street. As a result, defendant was indicted on one count of criminal sale of a controlled substance in the third degree. Following a jury trial, he was convicted of that crime. Supreme Court sentenced him, as a second felony offender, to a prison term of 12 1/2 to 25 years. Defendant appeals.

Defendant asserts that the People failed to establish an adequate chain of custody for the cocaine. We disagree. The confidential informant, who was searched before and after the sale, turned over the bag and its contents to Detective Richard Gould after she purchased it from defendant. The entire transaction was observed by a police officer in a nearby vehicle. Gould placed the bag of drugs in a sealed and labeled evidence bag. Although Gould initially stated that he placed the bag into a locker

to which only Detective Michael Haggerty had a key, he later clarified that he had conducted a field test and then handed the evidence directly to Haggerty. Haggerty testified that he received the bag from Gould and secured it in an evidence room until transporting it to the crime laboratory, where it was initialed and he received a receipt. He later retrieved it from the laboratory and returned it to the evidence room until trial. The record reveals " 'reasonable assurances of the identity and unchanged condition of the evidence' " (*People v Howard*, 305 AD2d 869, 870 [2003], *lv denied* 100 NY2d 583 [2003], quoting *People v Haggray*, 173 AD2d 962, 964 [1991], *lv denied* 78 NY2d 966 [1991]), and any potential weaknesses in the chain reflected by Gould's testimony went "to the weight accorded the evidence, not its admissibility" (*People v Beverly [Priest]*, 5 AD3d 862, 864 [2004], *lvs denied* 2 NY3d 796, 804 [2004]).

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence. The confidential informant and Detective Scott Gavigan, who witnessed the transaction, both stated that defendant provided the informant with a bag in exchange for money. A forensic chemist testified that the contents of the bag tested positive for cocaine. Viewing the evidence in the light most favorable to the People, there is a valid line of reasoning and permissible inferences for a rational juror to find all the elements of criminal sale of a controlled substance in the third degree (*see People v Hatch-Green [Lukenbill]*, 20 AD3d 581, 582 [2005], *lvs denied* 5 NY3d 828, 830 [2005]; *People v Gunney*, 13 AD3d 980, 982 [2004], *lv denied* 5 NY3d 789 [2005]). Upon our independent review of the evidence, affording deference to the jury's exercise of its responsibility to resolve credibility issues, the verdict was not against the weight of the evidence (*see People v Ford*, 20 AD3d 816, 817-818 [2005], *lv denied* 5 NY3d 828 [2005]).

Supreme Court's *Sandoval* ruling was proper. The determination of which prior convictions may be used on cross-examination if a defendant testifies "rests largely within the reviewable discretion of the trial court, to be exercised in light of the facts and circumstances of the particular case before it" (*People v Hayes*, 97 NY2d 203, 207 [2002]). The People sought permission to question defendant regarding his 1996 robbery convictions and the court determined that the People could inquire about the existence of the convictions but not the underlying facts. "Proof of willingness to steal has been specifically recognized as very material proof of lack of credibility" (*People v Moore*, 82 AD2d 972, 972 [1981]; *see People v Beverly*, 6 AD3d 874, 876 [2004], *lv denied* 3 NY3d 637 [2004]; *People v*

*Willis*, 282 AD2d 882, 883 [2001], *lv denied* 96 NY2d 869 [2001]). Under the facts of this case, we find that the court "appropriately exercised its discretion in balancing the probative value of this evidence against the risk of unfair prejudice to defendant" (*People v Evans*, 17 AD3d 861, 863 [2005], *lv denied* 5 NY3d 828 [2005]; *see People v Rockwell*, 18 AD3d 969, 970 [2005], *lv denied* 5 NY3d 768 [2005]).

Next, we consider defendant's contention that certain comments in the prosecutor's summation deprived him of a fair trial. The alleged errors now raised were not properly preserved for our review by timely objections (*see People v Hughes*, 280 AD2d 694, 696 [2001], *lv denied* 96 NY2d 801 [2001]). In any event, some of the prosecutor's remarks were a fair response to the defense summation which attacked the credibility of the informant and police officers. When viewed in context, the other various comments—including references to the drug underworld and the potential for harm to a confidential informant if there had been an immediate arrest—did not substantially prejudice defendant (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Wilt*, 18 AD3d 971, 973 [2005], *lv denied* 5 NY3d 771 [2005]; *People v Roberts*, 12 AD3d 835, 837-838 [2004], *lv denied* 4 NY3d 802 [2005]).

Nor do we find merit in defendant's assertion that he did not receive the effective assistance of counsel. "The constitutional right to the effective assistance of counsel does not mean that the representation was error free in every respect, but simply that defendant was afforded a fair trial" (*People v Damphier*, 13 AD3d 663, 664 [2004] [citation omitted]; *see People v Taylor*, 300 AD2d 746, 748 [2002], *lv denied* 2 NY3d 746 [2004]). " 'So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation,' a defendant's constitutional right to the effective assistance of counsel will have been met" (*People v Henry*, 95 NY2d 563, 565 [2000], quoting *People v Baldi*, 54 NY2d 137, 147 [1981]). Review of the record reflects that counsel made appropriate motions and objections, effectively cross-examined witnesses, presented sound opening and closing statements and otherwise pursued a cogent defense (*see People v Howard*, 21 AD3d 585, 586 [2005], *lv denied* 5 NY3d 853 [2005]).

Supreme Court appropriately sentenced defendant. When the court inquired at the beginning of sentencing whether defendant wished to controvert any allegation in the People's special information charging a predicate felony offense (*see* CPL 400.21 [3]), defense counsel responded in the negative. This effectively

waived any challenge to the adequacy of the predicate felon statement (*see People v Smith*, 73 NY2d 961, 962-963 [1989]; *People v Ochs*, 16 AD3d 971, 971 [2005]). In any event, we find no merit in defendant's contention that he should not have been sentenced as a predicate felon. The sentence imposed by the court was within the permissible statutory limits, and we find neither an abuse of discretion nor extraordinary circumstances warranting a modification of that sentence (*see People v Wright*, 13 AD3d 726, 729 [2004], *lv denied* 5 NY3d 857 [2005]; *People v Green*, 270 AD2d 566, 569 [2000], *lv denied* 95 NY2d 853 [2000]; *cf. People v Mendoza*, 300 AD2d 824, 825 [2002], *lv denied* 99 NY2d 617 [2003]). Defendant's remaining arguments have been considered and found unpersuasive.

Crew III, J.P., Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.