■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON D. ARGUINZONI, Appellant. [852 NYS2d 546]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered December 6, 2005. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of robbery in the first degree (Penal Law § 160.15 [4]), robbery in the second degree (§ 160.10 [1]), and criminal possession of a weapon in the second degree (former § 265.03 [2]) arising from his participation in the robbery of a gas station as the driver of the getaway vehicle. Contrary to the contention of defendant, County Court properly allowed the People to introduce evidence with respect to his prior bad acts, including his threat to one of the People's witnesses and his involvement as an accomplice in an uncharged burglary. The evidence of defendant's threat was admissible on the issue of consciousness of guilt (*see People v Hendricks* [appeal No. 1], 4 AD3d 798 [2004], *lv denied* 2 NY3d 800 [2004]; *People v Pugh*, 236 AD2d 810, 812 [1997], *lv denied* 89 NY2d 1099 [1997]), and the evidence of defendant's involvement in the uncharged burglary was properly admitted under the intent exception to the *Molineux* rule (*see People v Molineux*, 168 NY 264, 293-294 [1901]). Indeed, defendant placed his intent and state of mind in issue at trial based on the theory of his defense, i.e., that he did not know that his accomplice intended to commit the crimes with which defendant was charged (*see People v Ingram*, 71 NY2d 474, 479 [1988]).

Defendant failed to preserve for our review his contention that the court's *Sandoval* ruling constituted an abuse of discretion (*see People v Englert*, 285 AD2d 987 [2001], *lv denied* 97 NY2d 655 [2001]) and, in any event, that contention lacks merit. The court properly exercised its discretion in permitting the People to cross-examine defendant with respect to his 2004 conviction of attempted robbery in the second degree. Despite the similarity between the prior conviction and the instant charges, "[p]roof of willingness to steal has been specifically

recognized as very material proof of lack of credibility . . . and crimes of individual dishonesty should usually be admitted on trial of another similar charge, notwithstanding the risk of possible prejudice, because the very issue on which the offer is made is that of the veracity of the defendant as a witness in the case" (*People v Freeney*, 291 AD2d 913, 914 [2002], *lv denied* 98 NY2d 637 [2002] [internal quotation marks omitted]; *see People v Nichols*, 302 AD2d 953 [2003], *lv denied* 99 NY2d 657 [2003]; *People v Willis*, 282 AD2d 882, 883 [2001], *lv denied* 96 NY2d 869 [2001]). Defendant also failed to preserve for our review his contention that the police lacked reasonable suspicion to stop the vehicle that he was driving following the robbery (*see People v Sanders*, 224 AD2d 956 [1996], *lv denied* 88 NY2d 885 [1996]) and, in any event, that contention lacks merit. The vehicle that defendant was driving matched the description of the vehicle observed leaving the scene of the robbery, defendant was driving in the vicinity of the robbery, and the vehicle's license plate was obstructed by packed snow (*see People v Hicks*, 116 AD2d 150, 154 [1986], *affd* 68 NY2d 234 [1986]; *People v Sanchez*, 216 AD2d 207, 208 [1995], *lv denied* 87 NY2d 850 [1995]).

The court properly denied defendant's challenge for cause to a prospective juror based on the prospective juror's inability to read and write. The Judiciary Law requires in relevant part that a juror must "[b]e able to understand and communicate in the English language" (Judiciary Law § 510 [4]; *see* CPL 270.20 [1] [a]), but there is no requirement for reading and writing skills. Even assuming, arguendo, that the court erred in denying defendant's challenge for cause, we conclude that the error does not require reversal because defendant had not exhausted his peremptory challenges and did not peremptorily challenge that prospective juror (*see* CPL 270.20 [2]). Defendant further contends that the court erred in allowing other jurors to author notes for the prospective juror in question, who was designated as the jury foreperson pursuant to CPL 270.15 (3). We reject that contention. The record establishes that the notes were initialed by the foreperson, and it cannot be said that defendant was prejudiced by that procedure inasmuch as "the law recognizes no special function for a foreperson other than acting as the jury's spokesperson" (*People v Burgess*, 280 AD2d 264, 265 [2001], *lv denied* 96 NY2d 798 [2001]).

Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Gray*, 86 NY2d 10, 19 [1995]). Contrary to defendant's further contention, the court properly gave an *Allen* charge after the jury had deliberated for a total of five hours

over a period of two days and had sent a note to the court asking whether its inability to reach a unanimous verdict on one of the charges rendered it a deadlocked jury (*see People v Garner*, 272 AD2d 873 [2000], *lv denied* 95 NY2d 852 [2000]; *see also People v Phong T. Le*, 277 AD2d 1036, 1036-1037 [2000], *lv denied* 96 NY2d 762 [2001]). Also contrary to defendant's contention, the court's *Allen* charge, which tracked the language of CJI2d(NY) Deadlocked Jury, did not compel or coerce the jury to reach a verdict and sufficiently apprised the jury of its option not to reach a unanimous verdict (*see People v Baker*, 21 AD3d 1435, 1436 [2005], *lv denied* 6 NY3d 773 [2006]; *Phong T. Le*, 277 AD2d at 1037; *People v Samuels*, 251 AD2d 1038 [1998], *lv denied* 92 NY2d 905 [1998]). The sentence is not unduly harsh or severe.

We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Centra, Fahey, Peradotto and Pine, JJ.