◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL J. LEMKE, Appellant. [871 NYS2d 786]—

Mercure, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered December 20, 2007, upon a verdict convicting defendant of the crime of sexual abuse in the first degree.

Defendant was charged in an indictment with five counts of sexual abuse in the first degree and two counts of endangering the welfare of a child, after he allegedly fondled three young relatives. Following a *Sandoval* hearing, County Court granted the People's request to cross-examine defendant regarding his 10-year-old conviction for petit larceny, but denied their request to inquire into his failure to pay child support. The matter then proceeded to trial, at the close of which defendant was found guilty of one count of sexual abuse in the first degree, and acquitted of the remaining charges. County Court subsequently sentenced defendant to seven years in prison to be followed by three years of postrelease supervision. Defendant appeals, and we now affirm.

Initially, we reject defendant's challenge to County Court's *Sandoval* ruling. The determination of whether, and to what extent, the People may question a defendant on cross-examination regarding prior crimes or bad acts "rests largely within the reviewable discretion of the trial court, to be exercised in light of the facts and circumstances of the particular case before it" (*People v Hayes*, 97 NY2d 203, 207 [2002]). Particularly relevant here, it has long been recognized that "[c]ommission of perjury or other crimes or acts of individual

dishonesty, or untrustworthiness (e.g., offenses involving theft or fraud, bribery, or acts of deceit, cheating, breach of trust) will usually have a very material relevance, *whenever committed"* (*People v Sandoval*, 34 NY2d 371, 377 [1974] [emphasis added]). Indeed, " '[p]roof of willingness to steal has been specifically recognized as very material proof of lack of credibility' " (*People v Willis*, 282 AD2d 882, 883 [2001], *lv denied* 96 NY2d 869 [2001], quoting *People v Moore*, 82 AD2d 972, 972 [1981]; *accord People v Valderama*, 25 AD3d 819, 820 [2006], *lv denied* 6 NY3d 854 [2006]). Inasmuch as County Court properly weighed and considered both the probative value of permitting inquiry into defendant's conviction of petit larceny and the risk of unfair prejudice to him, we cannot conclude that the court abused its discretion under the circumstances herein (*see People v Grady*, 40 AD3d 1368, 1370 [2007], *lv denied* 9 NY3d 923 [2007]; *People v Valderama*, 25 AD3d at 820-821; *People v Johnson*, 24 AD3d 967, 969 [2005], *lv denied* 6 NY3d 814 [2006]; *People v Willis*, 282 AD2d at 883).

Nor do we find merit in defendant's arguments that County Court erroneously denied his request for a missing witness charge as to one victim's brother and improperly restricted his cross-examination of the witnesses regarding the brother. Defendant maintains that the brother should have been called to testify regarding a conversation that he had with two of the victims regarding the allegations against defendant, and that, because the brother had been expelled from school after engaging in sexual contact with female students, the court should have allowed questioning regarding whether the brother was the real abuser. Regarding the missing witness charge, we note that the victim of the crime for which defendant was convicted testified that she had discussed the incident with the brother and, thus, the charge was unwarranted given that any testimony from the brother regarding that conversation would have been cumulative (*see People v Savinon*, 100 NY2d 192, 197 [2003]; *People v Pereau*, 45 AD3d 978, 981 [2007], *lv denied* 9 NY3d 1037 [2008]). Moreover, defendant failed to meet his burden of showing that the brother was available and under the People's control (*see People v Savinon*, 100 NY2d at 197; *cf. People v Vanhoesen*, 31 AD3d 805, 809 [2006]). Similarly, inasmuch as none of the witnesses indicated that anyone other than defendant committed the charged crimes, we find no abuse of discretion in County Court's determination to limit cross-examination on the collateral matter of the brother's alleged prior bad acts (*see People v Love*, 307 AD2d 528, 532 [2003], *lv denied* 100 NY2d 643 [2003]; *see also People v Richardson*, 28 AD3d 1002, 1004-1005 [2006], *lv denied* 7 NY3d 817 [2006]).

Finally, we reject defendant's contention that his sentence was harsh and excessive. His remaining argument regarding prosecutorial misconduct during summation is unpreserved for our review, and does not warrant reversal in the interest of justice.

Cardona, P.J., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.