■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MACEO W. JONES, Appellant. [895 NYS2d 591]—

Stein, J. Appeal from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered June 17, 2008, upon a verdict convicting defendant of the crimes of robbery in the third degree, grand larceny in the fourth degree and petit larceny (two counts).

Defendant's convictions stem from his theft of a total of $160 from Noelle Ryan (hereinafter the wife) and Patrick Ryan (hereinafter the husband). We find no merit to defendant's contention that the conviction of robbery in the third degree was against the weight of the evidence because the credible evidence did not establish that he used, or threatened to use, force (*see* Penal Law § 160.05). It is uncontroverted that defendant approached the wife at the residence she shared with the husband and asked to borrow $43. The wife ultimately loaned defendant $60, which he promised to repay that evening. When defendant

returned that evening, he indicated that his uncle was waiting in the car with the money, but that he needed change for a $100 bill. The husband testified that he became suspicious and decided to accompany defendant to his car with the five $20 bills he intended to partially exchange for the $100 bill. Upon doing so, he observed that defendant's car was empty and he confronted defendant as to whether he was attempting to trick him. According to the husband, defendant then attempted to grab the money from his hand. During the struggle that ensued, the husband tripped and, as the husband was falling backward, defendant grabbed the money from his hand.

Although defendant did not testify at trial, his version of the incident was conveyed to the jury by reading into the record portions of his grand jury testimony. The only material difference between the husband's version and defendant's version was defendant's denial that he used any force in attempting to take the money from the husband. Specifically, defendant alleged that, after the husband accused defendant of trying to trick him and fell, the husband dropped the money on the ground and defendant picked it up. Where as here, a different finding would not have been unreasonable, we must, "like the trier of fact below, 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (People v Bleakley, 69 NY2d 490, 495 [1987], quoting People ex rel. MacCracken v Miller, 291 NY 55, 62 [1943]). Viewing the evidence in a neutral light, and according deference to the jury's credibility determinations, we are satisfied that the verdict is supported by the weight of the credible evidence (see People v Bleakley, 69 NY2d at 495).

We discern no error in County Court's Sandoval ruling. " 'The determination as to which prior convictions . . . can be inquired about and the extent of such inquiry rests primarily within the discretion of the trial court' " (People v Caston, 60 AD3d 1147, 1148 [2009], quoting People v Adams, 39 AD3d 1081, 1082 [2007], lv denied 9 NY3d 872 [2007]; see People v Moore, 59 AD3d 809, 811 [2009]; People v Lemke, 58 AD3d 1078, 1078-1079 [2009]). There are no per se rules that require preclusion of prior convictions due to their age, nature or number; rather, these factors are matters of substance that the trial court may properly consider (see People v Walker, 83 NY2d 455, 459 [1994]; People v Pollock, 50 NY2d 547, 550 [1980]).

Here, defendant's 34-year criminal history included, among other crimes, petit larcenies, robbery and burglary. These convictions were significant, as they represent "[p]roof of

willingness to steal [that] has been specifically recognized as very material proof of lack of credibility" by this Court (*People v Moore*, 82 AD2d 972, 972 [1981]; *see People v Collins*, 56 AD3d 809, 810 [2008], *lv denied* 11 NY3d 923 [2009]; *People v Willis*, 282 AD2d 882, 883 [2001], *lv denied* 96 NY2d 869 [2001]). In this case, County Court specifically took into account that defendant was the only witness who could testify on his own behalf and appropriately determined that "his credibility and, in turn, his prior convictions were of particular import" (*People v Willis*, 282 AD2d at 883; *see People v Beverly*, 6 AD3d 874, 876 [2004], *lv denied* 3 NY3d 637 [2004]; *People v Kelly*, 270 AD2d 511, 513 [2000], *lv denied* 95 NY2d 854 [2000]). However, the court also balanced the importance of allowing the People to impeach defendant's credibility against any unfair prejudice to defendant by limiting the permissible scope of the People's cross-examination to the classification of each crime and precluding inquiry into the underlying details thereof. We find on the record before us that County Court "carefully and properly exercised its discretion in making this ruling" (*People v Hogencamp*, 295 AD2d 643, 644 [2002], *lv denied* 98 NY2d 697 [2002]).

We are also unpersuaded by defendant's contention that County Court erred in allowing the prosecutor and the husband to demonstrate for the jury the interaction between defendant and the husband during the incident giving rise to the charges. Although the conditions under which the courtroom demonstration was presented could not precisely duplicate the actual conditions in which the incident occurred, they were " 'sufficiently similar to those existing at the time in question to make the result achieved by the test relevant to the issue' " (*People v Estrada*, 109 AD2d 977, 978-979 [1985], quoting Prince, Richardson on Evidence § 199, at 174 [10th ed]; *see People v Acevedo*, 40 NY2d 701, 704 [1976]). Moreover, County Court acknowledged the relevant discrepancies in open court and emphasized them in both the preliminary jury instructions and the jury charge. Under the circumstances here, we find no abuse of County Court's discretion in concluding that the probative value of the demonstrative evidence outweighed its potential for prejudice (*see generally People v Acevedo*, 40 NY2d at 704-706; *People v Boone*, 176 AD2d 1085, 1086 [1991], *lv denied* 79 NY2d 853 [1992]; *People v Estrada*, 109 AD2d at 977).

Next, defendant asserts that County Court erroneously gave the jury an interested witness charge on the basis that "the defendant testified in this case through the reading of his grand jury testimony." Although we agree that such a charge was improper inasmuch as the jury was not granted an opportunity

to evaluate defendant's demeanor on the witness stand (*see* 1 Charges to the Jury and Requests to Charge in a Criminal Case in New York § 6:13; *see generally People v Studstill*, 27 AD3d 833 [2006], *lv denied* 6 NY3d 898 [2006]), such error was harmless because " 'there is [no] significant probability . . . that the jury would have acquitted the defendant had it not been for the error' " (*People v Carkner*, 213 AD2d 735, 738 [1995], *lvs denied* 85 NY2d 970, 86 NY2d 733 [1995], quoting *People v Crimmins*, 36 NY2d 230, 242 [1975]; *see People v Towsley*, 53 AD3d 1083, 1084 [2008], *lv denied* 11 NY3d 795 [2008]; *People v Strawbridge*, 299 AD2d 584, 590 [2002], *lvs denied* 99 NY2d 632, 100 NY2d 599 [2003]).

Defendant's contention that he did not receive the effective assistance of counsel distills to two arguments, neither of which has merit. First, defendant complains that his counsel failed to move for dismissal of the indictment on the ground that the integrity of the grand jury proceeding was impaired due to defendant's appearance in prison attire. However, defendant does not allege and "the record does not support the contention that defendant was compelled to wear prison clothing" (*People v Walker*, 259 AD2d 1026, 1027 [1999], *lv denied* 93 NY2d 1029 [1999]). In any event, the record reflects that defendant's counsel did file a motion to dismiss the indictment, drawing specific attention to the adequacy and appropriateness of the instructions the People gave to the grand jury regarding defendant's mode of dress (which counsel referred to as a jail jumpsuit).

Defendant further argues that he was deprived of the effective assistance of appellate counsel inasmuch as assigned appellate counsel—who also represented him at trial—has a conflict of interest because it is in counsel's self interest to protect himself from an ineffective assistance of counsel claim. We disagree. Appellate counsel has displayed " 'a competent grasp of the facts, the law and appellate procedure, supported by appropriate authority and argument' " (*People v Borrell*, 12 NY3d 365, 368 [2009], quoting *People v Stultz*, 2 NY3d 277, 285 [2004]; *see People v Baldi*, 54 NY2d 137, 146 [1981]). Under the totality of the circumstances and being mindful that we "must avoid confusing 'true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis' " (*People v Benevento*, 91 NY2d 708, 712 [1998], quoting *People v Baldi*, 54 NY2d at 146), we find that defendant received meaningful representation at both the trial and appellate levels (*see People v Benevento*, 91 NY2d at 712; *People v Lopez-Aguilar*, 64 AD3d 1037, 1038 [2009]; *People v Carralero*, 9 AD3d 790, 791 [2004], *lv denied* 4 NY3d 742 [2004]).

Cardona, P.J., Peters, Spain and Garry, JJ., concur. Ordered that the judgment is affirmed.