# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

513

KA 09-01309

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

DIALLO HAMMOND, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (EUGENE T. PARTRIDGE, III, OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered June 9, 2009. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, robbery in the second degree, and criminal possession of stolen property in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]), robbery in the second degree (§ 160.10 [1]), and criminal possession of stolen property in the fifth degree (§ 165.40), defendant contends that reversal is required inasmuch as he proved the affirmative defense of duress pursuant to Penal Law § 40.00 (1) as a matter of law. Although the People are incorrect that defendant failed to preserve his contention for our review (*see People v Gray*, 86 NY2d 10, 19; *People v Bastidas*, 67 NY2d 1006, 1007, *rearg denied* 68 NY2d 907), we nevertheless conclude that defendant's contention lacks merit. The jury was entitled to discredit defendant's self-serving statements that he was coerced into committing the crimes of which he was convicted (*see People v McKinnon*, 78 AD3d 864, *lv denied* 16 NY3d 744) and, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the jury's rejection of that defense is not against the weight of the evidence (*see id.; People v Zilberman*, 297 AD2d 517, 518, *lv denied* 99 NY2d 566; *see generally People v Bleakley*, 69 NY2d 490, 495).

We reject the further contention of defendant that Supreme Court's *Sandoval* ruling constitutes an abuse of discretion. The similarity between the prior convictions and the instant crimes does

not by itself preclude cross-examination concerning those prior convictions (*see People v Hayes*, 97 NY2d 203, 206), and here the prior convictions either concern defendant's credibility or are indicative of his willingness to place his own interests above those of society (*see People v Arguinzoni*, 48 AD3d 1239, 1240-1241, *lv denied* 10 NY3d 859; *People v Rupnarain*, 299 AD2d 498, *lv denied* 99 NY2d 619; *People v Freeney*, 291 AD2d 913, 914, *lv denied* 98 NY2d 637).

Defendant correctly concedes that he failed to preserve for our review his contention with respect to alleged prosecutorial misconduct (*see* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Additionally, we reject defendant's contention that the court committed reversible error based on the manner in which it responded to two jury notes (*see generally People v O'Rama*, 78 NY2d 270, 277-278).  Finally, the sentence is not unduly harsh or severe.

Entered:  May 6, 2011                        Patricia L. Morgan
                                            Clerk of the Court