People v Brett-Pierce (2018 NY Slip Op 07446)





People v Brett-Pierce


2018 NY Slip Op 07446


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2012-05723
 (Ind. No. 7886/10)

[*1]The People of the State of New York, respondent,
v
Carlotta Brett-Pierce, appellant.


Steven A. Feldman, Uniondale, NY (Arza Feldman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ruth E. Ross of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Patricia DiMango, J.), rendered June 6, 2012, convicting her of murder in the second degree, assault in the second degree, unlawful imprisonment in the second degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) constituted a provident exercise of discretion and did not deprive the defendant of a fair trial (see People v Hayes, 97 NY2d 203, 207-208; People v Gray, 84 NY2d 709, 712; People v Lemke, 58 AD3d 1078, 1078-1079).
Contrary to the defendant's contention, the Supreme Court lawfully imposed consecutive sentences of imprisonment on the convictions of murder in the second degree and assault in the second degree (see Penal Law § 70.25[2]; People v Laureano, 87 NY2d 640, 643). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court